1  Katherine Miller; Sui Juris
2  1850 Olivera Drive
   Agoura Hills, California 91301
3
   (818) 251-0393 Telephone
4
   Attorney for:  In Pro Per
5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BANK OF AMERICA, NATIONAL          CASE NO. **CV10  7417** JFW (JCX)
    ASSOCIATION AS SUCCESSOR BY
12  MERGER TO LASALLE BANK NA          JUDGE:
    AS TRUSTEE FOR WAMU
13  MORTGAGE PASS-THROUGH              NOTICE OF REMOVAL OF CIVIL ACTION
    CERTIFICATES SERIES 2007-OA2,      [ Pursuant to 28 U.S.C. §1441]
14       TRUST          Plaintiff(s),
                                       Action Date: July 30, 2010
15            vs.
                                       Property Address:
16  KATHERINE MILLER; and DOES 1 to    1850 Olivera Drive
    6, Inclusive,                      Agoura Hills, California 91301
17                   Defendant(s)

18

19        **TO THE COURT, ALL PARTIES HEREIN, AND THEIR ATTORNEYS OF**

20
    **RECORD:**
21
          **PLEASSE TAKE NOTICE THAT** Defendant KATHERINE MILLER respectfully
22
    files this Notice of Removal, pursuant to 28 U.S.C. §1441 et seq., to remove the above-
23

24  captioned matter from the Superior Court of the State of California for the County of Los

25  Angeles, in which the case is pending, to the United States District Court for the Central

26
    District of California. In support thereof this Notice, Defendant states as follows:
27

28
                                    1–5

                    *NOTICE OF REMOVAL OF CIVIL ACTION*



PAID

OCT - 5 2010

Clerk, US District Court
C OURT 4512

On or about July 30, 2010, Plaintiff BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2, filed Complaint in the Superior Court of the State of California for the County of Los Angeles, case number: 10B04693 ("State Action").

This Notice of Removal is timely pursuant to 28 U.S.C. §1441(b) because it is filed before proper service of the Notice of the Motion for Summary Judgment  was made on Defendant.

Under 28 U.S.C. §1441(b), "[a]ny civil action of which the district court have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(b).

Pursuant to 28 U.S.C. §1446(a), attached hereto collectively as Exhibit "A" is the entirety of the State court file.

No consent is necessary as to DOES 1 to 6, Inclusive because upon information and belief, including the review of the Los Angeles County Superior Court docket, those defendants were not served.

## REMOVAL IS PROPER BASED ON FEDERAL QUESTION

Plaintiff BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-

*NOTICE OF REMOVAL OF CIVIL ACTION*

1  THROUGH CERTIFICATES SERIES 2007-OA2, alleges causes of action against

2  Defendants, based on alleged "Plaintiff became the owner of real property by purchasing said

3

4  property at a foreclosure sale". "The under this sale has been duly perfected", and "Said

5  foreclosure sale and all proceeding notices and actions were done on compliance..." is a

6  claim brought under the Federal Fair Debt Collection Practices Act (FDCPA), Real Estate

7

8  Settlement Procedures Act (RESPA), Truth in Lending Act (TILA), Generally Accepted

9  Accounting Principles (GAAP), The Universal Commercial Code (UCC), and thereby

10  specifically causing the enforcement of the invalid subject Deed of Trust, and for wrongful

11  foreclosure by a party without standing to foreclose. Thus, the claims by Plaintiff may be

12

13  maintained in any appropriate United States District Court 15 U.S.C. §1692k (d), and 42

14  U.S.C. §3631.

15      California Civil Code Sections §2923.5, §2923.6, §2924, and §2932.5 et seq., are

16

17  been unconstitutionally applied to Defendant.

18      Defendant will give written notice of the filing of this Notice of Removal to Plaintiff,

19  and will file copy of this Notice of Removal with the Superior Court of the State of

20

21  California for the County of San Mateo, as required by 28 U.S.C. §1446(d).

22      WHEREFORE, pursuant to 28 U.S.C. §1441, Defendant KATHERINE MILLER,

23  removes this case from the Superior Court of the State of California, in and for the County of

24

25  Los Angeles, to the United States District Court for the Central District of California.

26      Pursuant to 28 U.S.C. §1746, I, KATHERINE MILLER, certify under the penalties of

27  perjury that the foregoing is true and correct to the best of my knowledge, and if called to

28

testify will attest to same.

Dated: October 4, 2010

_____
Katherine Miller

*NOTICE OF REMOVAL OF CIVIL ACTION*

## MANDATORY NOTICE

Please take Mandatory Notice, [Federal Rules Evidence 201(d)], that the Defendants have a lawful right to proceed without cost, based upon the following law:

The U.S.Supreme court has ruled that a natural individual entitled to relief is "entitled to free access to its judicial tribunals and public offices in every State in the Union [2 Black 620 also ***Crandell v. Nevada*** , 6 Wall 35]. Defendants should not be charged fees, or costs for the lawful and Constitutional right to petition this court in this matter in which they are entitled to relief, as it appears that the filing fee rule was originally implemented for fictions and subjects of the State and should not be applied to the Defendants who are natural individuals and entitled to relief [ ***Hale v. Henkel*** , 201 U.S. 43]

[ ***NAACP v. Button*** , 371 U.S. 415; ***United Mineworkers of America v. Gibbs*** , 383 U.S. 715; and ***Johnson v. Avery*** , 89 S. Ct. 747 (1969)] **Members of group who are competent non-lawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law"**

[ ***Brothrhood of Trainmen v. Virginia ex rel. Virginia State Bar*** , 377 U.S. 1; ***Gideon v. Wainwright*** , 372 U.S. 335; ***Argersinger v. Hamlin*** , 407 U.S. 25] **Litigants can be assisted by unlicensed laymen during judicial proceedings.**

5-5

*BANK OF AMERICA, Et. Al. vs. KATHERINE MILLER, Et.Al.*
**USDC Case No.: Pending**

# EXHIBIT A

ORIGINAL FILED
Northwest District

JUL 3 0 2010

LOS ANGELES
SUPERIOR COURT

1  Randall D. Naiman, Esq. - State Bar No. 81048
   NAIMAN LAW GROUP,
2  Professional Corporation
   4660 La Jolla Village Drive, Suite 500
3  San Diego, California 92122
   (858) 535-4808 (telephone)
4  (858) 535-4809 (facsimile)

5  Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS
   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
6  **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST**

7

8                  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9                              VAN NUYS COURTHOUSE EAST

10                                                              10B04693

11 BANK OF AMERICA, NATIONAL              )  Case No.: 10B00306
   ASSOCIATION AS SUCCESSOR BY           )
12 MERGER TO LASALLE BANK NA AS          )  **LIMITED CIVIL CASE**
   TRUSTEE FOR WAMU MORTGAGE             )
13 PASS-THROUGH CERTIFICATES             )  **COMPLAINT FOR UNLAWFUL
   SERIES 2007-OA2 TRUST                 )  DETAINER**
14                                        )
                                          )  **AMOUNT DEMANDED DOES NOT
15            Plaintiff,                   )  EXCEED $10,000.00**
                                          )
16    vs.                                 )  **(Post-Foreclosure)**
                                          )
17                                        )
   KATHERINE MILLER; and DOES 1 to 6,    )
18 inclusive                             )
                                          )
19            Defendants.                 )
                                          )
20 _____       )

21

22 Plaintiff alleges:

23     1.    This court is the proper court for this action because:

24     a.    Each Defendant resides and/or conducts business in the area served by this

25 Court;

26     b.    The real property which is the subject of this action **1850 Olivera Drive,**

27 **Agoura Hills, CA 91301,** (hereinafter "the Property"), is located in the area served by this

28 Court; and

       c.    The amount of damages claimed in this action does not exceed $10,000.00.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFICATION

I, the undersigned, say:

That I am the attorney for Plaintiff in this action; the Plaintiff is absent from the County of San Diego, California, where I have my office, or the Plaintiff is otherwise unable to verify this pleading, and I make this verification for and on behalf of the party for that reason; I have read the above complaint for unlawful detainer and know its contents; I am informed and believe, and on that ground, allege that the matters stated in it are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 28, 2010, at San Diego, California.

**NAIMAN LAW GROUP**
**Professional Corporation**

By: _____
Randall D. Naiman, Esq.
Attorney for Plaintiff **BANK OF AMERICA,
NATIONAL ASSOCIATION AS SUCCESSOR
BY MERGER TO LASALLE BANK NA AS
TRUSTEE FOR WAMU MORTGAGE PASS-
THROUGH CERTIFICATES SERIES 2007-OA2
TRUST**

2.  Plaintiff is informed and believes and thereon alleges that Defendant(s) Katherine Miller (hereinafter "Defendant(s)") at all times herein mentioned are currently residents of County of Los Angeles, State of California, and reside within the jurisdictional boundaries of this Court.

3.  The true names and capacities of Does 1 through 6, inclusive, are presently unknown to Plaintiff, who therefore sues such Defendant(s) under such fictitious names pursuant to Section 474 of the <u>Code of Civil Procedure</u>. Plaintiff is informed and believes, and on such information and belief, alleges that each such "Doe" Defendant is in possession of the Property, without the permission or consent of Plaintiff, and Plaintiff will amend this complaint to state the true names and capacities of said Defendant(s) when the same have been ascertained.

4.  Plaintiff is informed and believes, and thereon alleges that the Defendant(s) and each of them, are, and at all times mentioned herein were, the agent, servant and employee of each of the other Defendant(s), and in doing the things herein alleged, were acting within the course and scope of said agency and employment.

5.  Plaintiff is the owner of and entitled to immediate possession of the Property. Defendant, and each of them, are and remain in possession of the Property.

6.  On or about December 16, 2009, the Property was sold to Plaintiff at a trustee's sale following foreclosure proceedings. Said foreclosure and all notices preceding said foreclosure were done in compliance with Section 2924 et. seq. of the California Civil Code, under power of sale contained in a deed of trust executed by Katherine Miller, a married woman as her sole and separate property, and title under the sale was duly perfected in Plaintiff.

7.

2

8.     More than ninety (90) days have elapsed since the service of the Notice, but Defendant(s), and each of them, have failed and refused to deliver up possession of the Property to Plaintiff.

9.     Defendant(s) continue in possession of the Property without Plaintiff's permission or consent.

10.    On information and belief, Defendant(s) are not tenants under a bona fide lease for the Property with a remaining term that expires more than ninety (90) days after service of the Notice.

11.    The reasonable rental value of the use and occupancy of the Property is at least $50.00 per day, and damages to Plaintiff caused by Defendant(s)' unlawful detention thereof has accrued at said rate since April 8, 2010, and will continue to accrue at said rate so long as Defendant(s) remain in possession of the Property.

WHEREFORE, Plaintiff prays judgment against Defendant(s) as follows:

1.     For restitution of the Property;

2.     For damages in the amount of at least $50.00 per day from April 8, 2010, through the date of entry of judgment;

3.     For costs of suit incurred herein; and,

4.     For such other and further relief as the court may deem just and proper.

Dated: July 28, 2010

**NAIMAN LAW GROUP,**
**Professional Corporation**

By: _____

Randall D. Naiman
Attorney for Plaintiff **BANK OF AMERICA,**
**NATIONAL ASSOCIATION AS SUCCESSOR**
**BY MERGER TO LASALLE BANK NA AS**
**TRUSTEE FOR WAMU MORTGAGE PASS-**
**THROUGH CERTIFICATES SERIES 2007-OA2**
**TRUST**

3

Complaint For Unlawful Detainer

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: | FOR COURT USE ONLY |
|---|---|---|---|---|
| Naiman Law Group<br>4660 La Jolla Village Drive    500<br>San Diego    CA    92122<br>Attorney For: PLAINTIFF | | | (858)535-4808<br><br>Reference Number:<br>2716102    49586 | |

| Superior Court State of California in and for the<br>County of Los Angeles "Van Nuys Division" | | | | |
|---|---|---|---|---|
| Plaintiff/Petitioner:    Bank Of America, National Association<br>Defendant/Respondent:    Katherine Miller, et al. | | | | |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>10B04693 |
|---|---|---|---|---|

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of the:

  Summons and Complaint - Unlawful Detainer; Prejudgment Claim of Right to Possession; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location.

3a. Party Served    :  Katherine Miller

3b. Person Served   :  Katherine Miller
   Description     :  Wht F 50s 5'7 130 Brn Hair

4.   Address       :  1850 Olivera Drive
              Agoura Hills, CA 91301

5a. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on 8/1/2010 at 09:30am.

6.   The "Notice to Person Served" (on the Summons) was completed as follows:
   (a) As an individual defendant
   Service was made in accordance with Civil Code of Procedure 415.46.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $   $0.00

George Rodriguez
Registered California Process Server:

(i) Independent Contractor
(ii) Registration No.:  6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 

_____
(Signature)

Judicial Council form POS-010          **Proof of Service**          Code Civil Procedure 417.10(f)

| Attorney or Party Without Attorney (Name and Address) | | | | Telephone No: | | FOR COURT USE ONLY |
|---|---|---|---|---|---|---|
| Naiman Law Group | | | | (858)535-4808 | | |
| 4660 La Jolla Village Drive | | 500 | | | | |
| San Diego | CA | 92122 | | Reference Number: | | |
| Attorney For:PLAINTIFF | | | | 2716103 | 49586 | |

| Superior Court State of California in and for the | |
|---|---|
| County of Los Angeles "Van Nuys Division" | |

| Plaintiff/Petitioner: | Bank Of America, National Association | |
|---|---|---|
| Defendant/Respondent: | Katherine Miller, et al. | |

| | Hearing Date: | Time: | Dept./Div.: | Case Number: |
|---|---|---|---|---|
| **PROOF OF SERVICE** "FILE BY FAX" | | | | 10B04693 |

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the:

    Summons and Complaint - Unlawful Detainer; Prejudgment Claim of Right to Possession; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location.

3a. Party Served   :  All Occupants In Care Of Named Tenant- Katherine Miller

3b. Person Served  :  Katherine Miller.  Title: Co-Occupant
    Description    :  Wht F 50s 5'7 130 Brn Hair

4.  Address        :  1850 Olivera Drive
                      Agoura Hills, CA 91301

5b. By substituted Service on 8/1/2010 at 09:30am I left the documents listed in item 2 with or in the presence of: Katherine Miller    Title: Co-Occupant
    (2) (home) by leaving copies with a competent member of the household at
        least 18yrs of age at the dwelling house or usual place of abode of the
        person served. I  informed him or her of  the general nature of the papers.
    (4) A declaration of mailing is attached.
    (5) I attach a declaration of diligence stating actions taken first to attempt
        personal service. (if required)

    After making a diligent effort to ascertain whether there are other adult occupants,
    pursuant to C.C.P. 415.46  I served the above named tenant by leaving a copy of the
    above mentioned documents with the person in 3b., and by mailing by FIRST CLASS
    MAIL , addressed as listed in above item 4.

6.  The "Notice to Person Served" (on the Summons) was completed as follows:
    (a) As an individual defendant

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $  $0.00

George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.:  6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  8/3/2010

_____
(Signature)

**FILE BY FAX PER CRC 2.303**

| Attorney or Party Without Attorney (Name and Address)<br>Naiman Law Group<br>4660 La Jolla Village Drive    500<br>San Diego     CA     92122<br>Attorney For:PLAINTIFF | | Telephone No:<br>(858)535-4808 | FOR COURT USE ONLY |
|---|---|---|---|
| | | Reference Number:<br>2716103          49586 | |
| Superior Court State of California in and for the<br>County of Los Angeles "Van Nuys Division" | | | |
| Plaintiff/Petitioner:     Bank Of America, National Association<br>Defendant/Respondent:   Katherine Miller, et al. | | | |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>10B04693 |
|---|---|---|---|---|

Summons and Complaint - Unlawful Detainer; Prejudgment Claim of Right to Possession;
Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location.

I am a citizen of the United States, employed in the County of Los Angeles, State of
California. I am over the age of eighteen years and not a party to the above entitled
Action. My business address is: 142 East Bonita Avenue, #51, San Dimas, CA 91773.
phone number is: (909)394-1202.

On 8/1/2010, after substituted service under section 415.20(a) or 415.20(b) or
415.46 of the Civil Code of Procedure was made, I served the above entitled documents
on the defendant, in said action by placing a true copy thereof enclosed in a sealed
envelope with postage thereon prepaid for FIRST CLASS MAIL in the United States Mail at
Agoura Hills  CA  91301.

        All Occupants In Care Of Named Tenant- Katherine Miller

Address:   1850 Olivera Drive
           Agoura Hills, CA 91301

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202  Fax (909)394-1204

Fee for service: $   $0.00
George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.:  6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  8/3/2010

_____
(Signature)

| Attorney or Party Without Attorney (Name and Address)<br>Naiman Law Group<br>4660 La Jolla Village Drive               500<br>San Diego          CA          92122<br>Attorney For: PLAINTIFF | | Telephone No:<br>(858)535-4808 | FOR COURT USE ONLY |
|---|---|---|---|
| | | Reference Number:<br>2716103          49586 | |

Superior Court State of California in and for the
County of Los Angeles "Van Nuys Division"

| Plaintiff/Petitioner: | Bank Of America, National Association |
|---|---|
| Defendant/Respondent: | Katherine Miller, et al. |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>10B04693 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:

   Summons and Complaint - Unlawful Detainer; Prejudgment Claim of Right to Possession;
   Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location.

3. Name of Tenant  :  All Occupants In Care Of Named Tenant- Katherine Miller

4. Address         :  1850 Olivera Drive
                      Agoura Hills, CA 91301

After making a diligent effort to ascertain whether there are other adult occupants,
pursuant to CCP 415.46, I served the above named tenant by leaving a  copy of the above
mentioned documents and by posting a copy  in a conspicuous place on the property
therein described,and mailing a copy by "FIRST CLASS MAIL" depositing in the United
States Mail, in a sealed envelope, with posted fully pre-paid, addressed to the usual
place of residence of said tenant (or where the property is situated) as follows:


Address          :  1850 Olivera Drive
                    Agoura Hills, CA 91301

Date and Time of Posting:  8/1/2010 at 09:30am.
Date and Place of Mailing: 8/1/2010 from Agoura Hills  CA  91301


6. The "Notice to Person Served" (on the Summons) was completed as follows:
   (a)    As an individual defendant.
   (b)    On behalf of: All Occupants in Care of Named Tenant.


7. Person Serving  (name, address, and telephone No.):

### Attorney Service of San Dimas
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202  Fax (909)394-1204

Fee for service: $   $0.00

George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.:  6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  8/3/2010

_____
(Signature)

| Judicial Council form POS-010 | **Proof of Service** | Code Civil Procedure 417.10(f) |
|---|---|---|

FILE BY FAX PER CRC 2.303

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Randall D. Naiman, Esq. (#81048)<br>Naiman Law Group, PC<br>4660 La Jolla Village Drive<br>Suite 500<br>San Diego, CA 92122<br>TELEPHONE NO.: (858) 535-4808   FAX NO. *(Optional):* (858) 535-4809<br>E-MAIL ADDRESS *(Optional):* Randall@Naimanlaw.com<br>ATTORNEY FOR *(Name):* BANK OF AMERICA, NATIONAL ASSOCIATION AS S | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: COUNTY OF LOS ANGELES
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys, California 91401
BRANCH NAME: VAN NUYS COURTHOUSE EAST

PLAINTIFF/PETITIONER: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES
DEFENDANT/RESPONDENT: KATHERINE MILLER; and DOES 1 to 6, inclusive

| REQUEST FOR **(Application)** | [ x ] Entry of Default<br>[  ] Court Judgment | [  ] Clerk's Judgment | CASE NUMBER:<br>10B04693 |
|---|---|---|---|

**1. TO THE CLERK:** On the complaint or cross-complaint filed

  a. on *(date):* 7/30/10

  b. by *(name):* BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST

  c. [ x ] Enter default of defendant *(names):*
    ALL UNKNOWN OCCUPANTS

  d. [  ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

    *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*

  e. [  ] Enter clerk's judgment

    (1) [  ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)

      [  ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.

    (2) [  ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*

    (3) [  ] for default previously entered on *(date):*

**2. Judgment to be entered.**

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . $ | $ | $ | |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . $ | $ | $ | |
| | (2) General . . . . . . . . . . . . . . . . . $ | $ | $ | |
| c. | Interest . . . . . . . . . . . . . . . . . . . . . $ | $ | $ | |
| d. | Costs *(see reverse)* . . . . . . . . . . . . . $ | $ | $ | |
| e. | Attorney fees . . . . . . . . . . . . . . . . . $ | $ | $ | |
| f. | **TOTALS** . . . . . . . . . . . . . . . . . . $ | $ | $ | |

  g. **Daily damages** were demanded in complaint at the rate of: $ 50.00 per day beginning *(date):* 4/8/10
  (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

**3.** [ x ] (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date

Randall D. Naiman, Esq.
    (TYPE OR PRINT NAME) ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [  ] Default entered as requested on *(date):*<br>(2) [  ] Default NOT entered as requested *(state reason):* | |
|---|---|---|
| | | Clerk, by: _____ , Deputy |

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-100 [Rev. January 1, 2007] | **REQUEST FOR ENTRY OF DEFAULT**<br>(Application to Enter Default) | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 585-587, 1169 |
|---|---|---|---|

1  Randall D. Naiman, Esq. - State Bar No. 81048
   NAIMAN LAW GROUP, PC
2  4660 La Jolla Village Drive, Suite 500
   San Diego, California 92122
3  (858) 535-4808 (telephone)
   (858) 535-4809 (facsimile)
4  Randall@Naimanlaw.com (e-mail)

5  Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS
   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU
6  MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

7           SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

8                          VAN NUYS COURTHOUSE EAST

9
   BANK OF AMERICA, NATIONAL              )   Case No.: 10B04693
10 ASSOCIATION AS SUCCESSOR BY            )
   MERGER TO LASALLE BANK NA AS           )   **NOTICE OF MOTION AND MOTION FOR
11 TRUSTEE FOR WAMU MORTGAGE              )   SUMMARY JUDGMENT**
   PASS-THROUGH CERTIFICATES              )
12 SERIES 2007-OA2                        )   [Filed concurrently with Plaintiff's
                                          )   Memorandum of Points and Authorities,
13                                        )   Supporting Declarations; Plaintiff's
                                          )   Separate Statement of Undisputed
14            Plaintiff,                  )   Material Facts and Evidence; [Proposed]
                                          )   Order Granting Summary Judgment;
15      vs.                               )   [Proposed] Judgment; and Proof of
                                          )   Service]
16 KATHERINE MILLER; and DOES 1 to 6,     )
   inclusive                             )   [Ca Code Civ. Proc. §1170.7]
17                                        )
            Defendants.                   )   Date:  August 25, 2010
18                                        )   Time:  8:30am
                                          )   Dept:  P
19                                        )   Action filed:  July 30, 2010
                                          )   Trial date:  None assigned
20 ──────────────────────────────        )

21       TO THE DEFENDANT(S) HEREIN, THEIR ATTORNEYS OF RECORD, IF ANY,

22 AND ALL PARTIES IN INTEREST:

23       **PLEASE TAKE NOTICE THAT** on August 25, 2010, at 8:30am, or as soon

24 thereafter as the matter can be heard, in Department P, of the above-entitled Court,

25 located at 6230 Sylmar Avenue, Van Nuys, California 91401, BANK OF AMERICA,

26 NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS

27 TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-

28 OA2 Plaintiff, will appear pursuant to **California Code of Civil Procedure** 1170.7 to

                                          1

1  move the Court for an order granting Plaintiff's motion for summary judgment on the

2  grounds stated herein and as prayed for in its Complaint on file.  This motion will be made

3  on the grounds that the Answer filed by Defendants herein, Katherine Miller, raises no

4  triable issues as to any material facts and that Plaintiff is entitled to judgment as a matter

5  of law.

6       This motion will be based on this Notice of Motion and Motion for Summary

7  Judgment, the supporting Statement of Facts and Memorandum of Points and Authorities,

8  Plaintiff's Separate Statement of Undisputed Facts and Supporting Evidence, the

9  supporting Declarations, the court records in this case, and such other and further

10  evidence that shall be presented at the time of the hearing.

11

12  Dated: August 17, 2010                    **NAIMAN LAW GROUP, PC**

13

14                                      By:  _____

15                                           Randall D. Naiman, Esq.
                                             Attorney for Plaintiff,  **BANK OF**
16                                           **AMERICA, NATIONAL ASSOCIATION**
                                             **AS SUCCESSOR BY MERGER TO**
17                                           **LASALLE BANK NA AS TRUSTEE FOR**
                                             **WAMU MORTGAGE PASS-THROUGH**
18                                           **CERTIFICATES SERIES 2007-OA2**

19

20

21

22

23

24

25

26

27

28

1   Randall D. Naiman, Esq. - State Bar No. 81048
    NAIMAN LAW GROUP, PC
2   4660 La Jolla Village Drive, Suite 500
    San Diego, California 92122
3   (858) 535-4808 (telephone)
    (858) 535-4809 (facsimile)
4   Randall@Naimanlaw.com (e-mail)

5   Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS
    SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
6   **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

7            SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

8                      VAN NUYS COURTHOUSE EAST

9
    BANK OF AMERICA, NATIONAL          )   Case No.: 10B04693
10  ASSOCIATION AS SUCCESSOR BY        )
    MERGER TO LASALLE BANK NA AS       )   **MEMORANDUM OF POINTS AND**
11  TRUSTEE FOR WAMU MORTGAGE          )   **AUTHORITIES IN SUPPORT OF**
                                       )   **MOTION FOR SUMMARY JUDGMENT**
    PASS-THROUGH CERTIFICATES          )   **BY PLAINTIFF**
12  SERIES 2007-OA2                    )
13                                     )
             Plaintiff,               )
14                                     )
                                       )
15           vs.                       )
                                       )
16  KATHERINE MILLER; and DOES 1 to 6, )
    inclusive                          )
17                                     )
                                       )
18           Defendants.              )   Date:  August 25, 2010
                                       )   Time:  8:30am
19                                     )   Dept:  P
                                       )   Action filed:  July 30, 2010
20                                     )   Trial date:  None assigned
                                       )
21  ─────────────────────────────────

22          TO THE DEFENDANT(S) HEREIN, THEIR ATTORNEYS OF RECORD, IF ANY,

23  AND ALL PARTIES IN INTEREST:

24          Plaintiff and Movant herein, BANK OF AMERICA, NATIONAL ASSOCIATION AS

25  SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU

26  MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 ("Plaintiff"), submits

27  the following Memorandum of Points and Authorities in Support of its Motion for Summary

    Judgment against defendant Katherine Miller ("Defendant").
28

                                      1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This is a residential unlawful detainer action after a non-judicial foreclosure sale.

On or about December 14, 2006, Defendant executed a Deed of Trust (the "Deed of Trust") encumbering the real property commonly known as 1850 Olivera Drive, Agoura Hills, California 91301 ("the Property"). The Deed of Trust was recorded in the Official Records, County of Los Angeles, on December 14, 2006.

On August 21, 2009, California Reconveyance Company ("CRC") executed a Notice of Default and Election to Sell Under Deed of Trust, and included a declaration verifying that the requirements of California Civil Code §2923.5 have been met.

On December 16, 2009, Plaintiff purchased the Property at a Trustee's Sale held in accordance with <u>Civil Code</u> section 2924 under a power of sale contained in the Deed of Trust.

On December 29, 2009, title to the Property was perfected in Plaintiff by the recording of a Trustee's Deed Upon Sale in the Official Records of the County of Los Angeles.

CASE # 10B 00306 — Req. for dismissal filed 8/10/10

More than three (3) days has elapsed since service of the notice to quit. However, Defendant remains in possession of the Property.

### II.

**THERE ARE NO TRIABLE ISSUES OF MATERIAL FACT CONCERNING PLAINTIFF'S OWNERSHIP AND RIGHT TO IMMEDIATE POSSESSION OF THE PROPERTY. PLAINTIFF IS THEREFORE ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

A. **A Plaintiff in an Unlawful Detainer Action May Move for Summary Judgment Upon Five (5) Days Notice; The General Civil Action Standard for Granting or Denying a Motion for Summary Judgment Applies to Unlawful Detainer Actions**

2

1    A plaintiff in an action for unlawful detainer may move for summary judgment; this

2  is wholly consistent with the basic statutory purposes of unlawful detainer - a speedy

3  determination of the right to possession. Knowles v. Robinson (1963) 60 Cal.2d 620,

4  625; Gonzales v. Jim Properties (1974) 37 Cal.App.3d 1029 (summary judgment process

5  applicable in context of unlawful detainer proceedings).

6    In that regard, Code of Civil Procedure section 1170.7, which governs motions for

7  summary judgment in unlawful detainer actions provides, in relevant part, as follows:

8    A motion for summary judgment may be made at any time after the
     answer is filed upon giving five days notice. Summary judgment shall be
9    granted or denied on the same basis as a motion under Section 437c.
     [Emphasis added.]                                    *PERSONAL SERVICE*

10   Code of Civil Procedure section 437c states in relevant part:   *10 DAYS MAIL*

11        (a)    Any party may move for summary judgment in any action or
12   proceeding if it is contended that the action has no merit or that there is no
     defense thereto . . .

13
          (c)    The motion for summary judgment shall be granted if all the
14   papers submitted show that there is no triable issue as to any material fact
     and that the moving party is entitled to judgment as a matter of law . . . [2]

15
16   Plaintiff's burden is to prove each element of the cause of action, not to negate all

     possible defenses. In Aguilar v. Atlantic Richfield Company (2001) 25 Cal.4th 826, 849,
17
     the California Supreme Court clarified the law of summary judgment in California and held
18
                                        *Placed in front*
19                                       *19-20*
                    *Rec. Aug 22nd of door aug*
20   _____

21   [1] In this case, defendant Katherine Miller was served with the Motion for Summary Judgment by Federal
     Express on August 17, 2010. Pursuant to Code of Civil Procedure section1013 where service is by
22   "overnight delivery" (i.e., Federal Express),

23        [t]he service is deemed complete at the time of deposit, but any period of notice and any
          right or duty to do any act or make any response within any period or on a date certain
24        after the service of the document served by . . . or other method of delivery providing for
          overnight delivery shall be extended by two court days, . . This extension applies in the
25        absence of a specific exception provided for by this section [CCP 1013] or other statute
          or rule of court. (Emphasis added.)

26   Service by overnight carrier is complete at the time the papers are deposited with the overnight carrier;
     proof of receipt is not required. Barefield v. Washington Mutual Bank (2006) 136 Cal.App.4th 299, 301.
27   Defendant was provided with seven days' notice, which included five days plus two court days notice. Code
28   Civ. Proc. §§ 1170.7 and 1013.

                                        3

1   summary judgment law in California no longer requires a plaintiff moving for summary
2   judgment to disprove any defense asserted by a defendant as well as prove each
3   element of its own cause of action. All that a plaintiff need do is to prove each element of
4   the cause of action.  Once the plaintiff has met that burden, the burden shifts to the
5   defendant to show that a triable issue of one or more material facts exists as to that
6   cause of action. Code Civ. Proc. § 437c, subd. (o)(1).

7       The court must consider all of the evidence set forth in the moving and opposition
8   papers.   Code Civ. Proc. § 437c(c).  A party opposing a summary judgment motion
9   cannot merely restate the allegations in the answer but must set forth legally admissible
10  evidence, facts, and substantial proof in declarations to show that a triable issue of
11  material fact exists. Code Civ. Proc. § 437c, subd. (o)(1).

12      If the moving party makes a sufficient showing, the opposing party cannot rely on
13  the party's own pleadings, but must make an independent showing that the party has
14  sufficient proof of the matters alleged to raise a question of fact. Buehler v. Alpha Beta
15  Co. (1990) 224 Cal.App.3d 729, 733; Orsetti v. City of Fremont (1978) 80 Cal.App.3d
16  961, 966.

17  **B.    Plaintiff Has Established the Essential Elements of an Unlawful
18         Detainer Action Following Sale of Real Property at a Trustee's Sale**

19      The purchaser at a trustee's sale is entitled to immediate possession of the subject
20  property. Farris v. Pacific States Auxiliary Corp. (1935) 4 Cal.2d 103.  The purchaser
21  may bring an unlawful detainer action against the trustor, or anyone holding under the
22  trustor, who refuses to relinquish possession.  Code Civ. Proc. § 1161a; MCA, Inc. v.
23  Universal Diversified Enters. Corp. (1972) 27 Cal.App.3d 170.

24      The elements of an unlawful detainer action based upon the sale of real property at
25  a trustee's sale are set forth in California Code of Civil Procedure section 1161a, which
26  provides in relevant part as follows:

27

28  [2] On a motion for summary judgment, the *pleadings* determine the factual issues.  Danieley v. Goldmine
    Ski Assocs. (1990) 218 Cal.App.3d 111, 119 (court looks to actual charging allegations of complaint to
    determine issues in dispute)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF

1          (b)     In any of the following cases, a person who holds over and
2   continues in possession of a manufactured home, mobile home, floating
    home or real property after a three-day written notice to quit the property
    has been served upon the person, or if there is a subtenant in actual
3   occupation of the premises, also upon such subtenant, as described in
    Section 1162, may be removed therefrom as prescribed in this chapter:

4

5                                           * * *

6          (3)     Where the property has been sold in accordance with
    Section 2924 of the Civil Code, under a power of sale contained in a deed
7   of trust executed by such person, or a person under whom such person
    claims, and the title under the sale has been duly perfected.

8       Thus, Plaintiff is entitled to judgment upon establishing that the Property was sold

9   in accordance with Civil Code section 2924 and that the requisite three-day notice to quit

10  to Defendant was served as described in Code of Civil Procedure section 1162.  Code

11  Civ. Proc. § 437(c)(o)(1); California Judges Benchguides:  Landlord-Tenant Litigation:

12  Unlawful Detainer (Benchguide 31, 1997), § 31.26, pg. 31-24; Stephens, Partain &

13  Cunningham v. Hollis (1987) 196 Cal.App.3d 948, 952; Evans v. Superior Court (1977) 67

14  Cal.App.3d 162.

15        **1.    The Property Has Been Sold in Accordance with Section 2924 of
16            the Civil Code Under a Power of Sale Contained in a Deed of
            Trust**

17      There is a common law rebuttable presumption that a foreclosure sale has been

18  conducted regularly and fairly. Civil Code §§ 2924-2924k; Royal Thrift and Loan Co. v.

19  County Escrow, Inc. (2004) 123 Cal.App.4th 24.   The Trustee's Deed Upon Sale

20  constitutes prima facie evidence of the facts set forth therein that the Plaintiff purchased

21  the Property at a trustee's sale in compliance with Civil Code sections 2924 et. seq. and

22  that title has been duly perfected in Plaintiff. Beck v. Reinholt (1956) 138 Cal.App.2d 719,

23  722. Moreover, there is a statutory presumption that if a trustee's deed recites that the

24  trustee has complied with all requirements concerning the mailing, posting, publication, or

25  personal delivery of the notice of default and the notice of sale, the recitals are conclusive

26  in favor of a bona fide purchasers and encumbrances for value and without notice.  Civ.

27  Code § 2924; see Garfinkle v. Superior Court (1978) 21 Cal.3d 268, 279, fn. 16.  In the

28  absence of a bona fide purchaser, the recitals are prima facie evidence of the facts that

1  they allege to be true. Civ. Code § 2924; <u>Wolfe v. Lipsy</u> (1985) 163 Cal.App.3d 633; <u>Beck</u>

2  <u>v. Reinholtz</u> (1956) 138 Cal.App.2d 719; <u>Seidell v. Tuxedo Land Co.</u> (1934) 1 Cal.App.2d

3  406, 36 P2d 1102.  In that regard, <u>Civil Code</u> sec. 2924 states in relevant part the

4  following:

5

6      A recital in the deed executed pursuant to the power of sale of compliance
       with all requirements of law regarding the mailing of copies of notices or
7      the publication of a copy of the notice of default or the personal delivery of
       the copy of the notice of default or the posting of copies of the notice of
8      sale or the publication of a copy thereof shall constitute prima facie
       evidence of compliance with these requirements and conclusive evidence
9      thereof in favor of bona fide purchasers and encumbrancers for value and
       without notice.

10

11  Further, by express provision in a deed of trust, recitals in a trustee's deed may be

12  furnished as proof of the regularity of the sale, and no further evidence is necessary to

13  establish the title and right to possession of the purchaser.  <u>Sorensen v. Hall</u> (1934) 219

14  Cal. 680; <u>Pacific States Savings & Loan Co. v. O'Neill</u> (1936) 7 Cal.2d 596; <u>Cobb v.</u>

15  <u>California Bank</u> (1936) 6 Cal.2d 389.  The trustee's sale is deemed perfected as of 8 a.m.

16  on the actual date of sale if the trustee's deed is recorded within 15 calendar days after

17  the sale, or the next business day following the 15th day if the county record in which the

18  property is located is closed on the 15th day.  Civ. Code § 2924h(c); <u>Kessler v. Bridge</u>

19  (1958) 161 Cal.App.2d Supp. 837 (title to property duly perfected by recordation of

20  trustee's deed).

21  Certified copies of recorded documents are self-authenticating.  <u>Evidence Code</u>

22  §§1530 &1600; Witkin, <u>California Evidence (Fourth Edition)</u>, Documentary Evidence <u>§5.</u>

23  By furnishing the court with admissible copies of the recorded Deed of Trust and

24  Trustee's Deed, Plaintiff has met its burden of proving that it purchased the Property at a

25  trustee's sale in compliance with <u>Civil Code</u> sections 2924 et. seq. and title has been duly

26  perfected.

27

28

6

**2.    Defendant Was Served With a Three Day Notice to Quit in Accordance With California Code of Civil Procedure Section 1162**

California Code of Civil Procedure § 1162 states:

The notices required by Sections 1161 and 1161a may be served, either:

     1.    By delivering a copy to the tenant personally; or,

     2.    If he be absent from his place of residence, and from his usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his place of residence; or,

     3.    If such place of residence and business can not be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner.

The return of a registered process server creates a presumption of proper service. See, Business & Professions Code section 22350, et seq.; California Evidence Code section 647 ("The return of a process server registered pursuant to Chapter 16 (commencing with Section 22350) of Division 8 of the Business and Professions Code upon process or notice established a presumption, affecting the burden of producing evidence, of the facts stated in the return.") and section 271; California Government Code sections 26662 and 71265.

It is enough that plaintiff properly served the notice; the plaintiff need not prove that the notice was actually received by the defendant.  Bank of America Nat'l Trust & Sav. Ass'n v. Button (1937) 23 Cal.App.2d 651, 652, 74P.2d 81; Lamey v. Masciotra (1969) 273 Cal.App.2d 709, 713-714, 78 Cal.Rptr. 344, 347-348. As demonstrated by the return of a licensed California process server, defendant(s) have been properly served with a Notice to Quit.

**3.    Defendant Remains in Possession of the Property.**

As demonstrated by the declarations submitted herewith and defendant's Answer, defendant remains in possession of the Property.

7

1

## III.

2

## DEFENDANT CANNOT ESTABLISH A DEFENSE TO THIS ACTION.

3
4

      **A.**    **Matters Affecting the Validity of the Trust Deed or Primary Obligation Itself, or Other Basic Defects in Plaintiff's Title, Cannot Be Raised in an Unlawful Detainer Action**

5

      The defenses available to a defendant in an unlawful detainer action based upon a

6

trustee's sale are extremely limited. The extent to which a plaintiff's title may be a triable

7

issue in an unlawful detainer action brought pursuant to Code of Civil Procedure 1161a(3)

8

was discussed by the California Supreme Court in <u>Cheney v. Trauzettel</u>, 9 Cal.2d 158,

9

160:

10

      The trial court properly held that in the summary proceeding in unlawful detainer the right to possession alone was involved, and the

11

broad question of title could not be raised and litigated by cross-complaint or affirmative defense . . . It is true that where the purchaser at a trustee's

12

sale proceeds under §1161a of the Code of Civil Procedure he must prove his acquisition of title by purchase at the sale; but it is only to this limited

13

extent, as provided by statute, that the title may be litigated in such a proceeding . . . Matters affecting the validity of the trust deed or primary

14

obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession nor are they

15

concluded by the judgment." <u>Cheney v. Trauzettel</u> 9 C2d 158, 160.

16

      As such, the only issue which may be raised is whether or not the trustee complied

17

with the provisions of <u>Civil Code</u> sections 2924 et seq.

18
19
20

      **B.**    **As a Matter of Law, the Answer Does Not Raise a Triable Issue of Fact with Regard to the Foreclosure Because Defendant Has Not Alleged (Nor Can Defendant Prove) a Tender of the Full Amount of the Outstanding Debt**

21

      It is well established that, in any action wherein one party attacks the title of the

22

purchaser of real property who purchased the same at a foreclosure sale, any objection to

23

the sale may not be raised unless the defendant has tendered the amount of the debt for

24

which the property was given as security.

25

      In the unlawful detainer case of <u>MCA, Inc. v. Universal Diversified Enterprises</u>

26

<u>Corporation</u> ("MCA") (1972) 27 Cal.App.3d 170, the plaintiff purchased real property at a

27

trustee's sale which was held pursuant to the power of sale in a deed of trust. The

28

defendant refused to vacate the premises, and plaintiff filed an unlawful detainer action to

8

1
2
3
recover possession and monetary damages.  Following trial, judgment was entered in favor of plaintiff for recovery of possession as well as monetary damages.

4
5
6
7
8
9
The Court of Appeal affirmed the judgment, holding that the defendant was precluded from raising issues as to the validity of the trustee's sale, as well as other objections to the plaintiff's title.  The *MCA* Court held that the defendant trustor's assertion of noncompliance with the procedure for the trustee's sale, as set forth in C. C. sections 2924, et seq., did not raise a triable issue of fact, because the defendant had <u>not</u> <u>tendered the full amount of the debt for which the property was given as security.</u>

10
Specifically, the *MCA* Court held:

11
12
13
14
15
16
[d]efendant's assertions of plaintiff's non-compliance with Civil Code section 2924 did not raise a triable issue 'because we do not find in the record any offer on the part of [defendant] to pay the full amount of the debt for which the property was given as security.  Some disposition on the part of [defendant] to do equity by tendering the amount of the debt due is a prerequisite to a demand for a judgment canceling the trustee's sale. <u>Py. v. Plietner</u>, 70 Cal.App.2d 576, 582, and cases cited. See also <u>Shimpones v. Strickney</u>, 219 Cal. 637, 649, <u>Crummer v. Whitehead</u>, 230 Cal.App.2d at 268-269; <u>Humbolt Savings & Loan Soc. v. March</u>, 136 Cal. 321.

17
18
19
20
21
22
23
Further, in <u>Crummer v. Whitehead</u> (1964) 230 Cal.App.2d 264, which is another unlawful detainer case, the Court of Appeal made it clear that, in an unlawful detainer action brought pursuant to Code of Civil Procedure section 1161a, where a defendant is entitled to dispute the validity of the trustee's sale by which the property became the plaintiff's and to thereby place the plaintiff's title in issue, it is a prerequisite to a trustor's demand for relief and attack on that title that he must have tendered the full amount of the debt due.

24
25
In <u>Crummer v. Whitehead</u>, supra, at pages 268-269, the Court of Appeal explained its rational as follows:

26
27
28
Although this was an action in an unlawful detainer, brought pursuant to C.C.P. sec. 1161a, subdivision 3, appellant was entitled to dispute the validity of the trustee's sale and to place respondent's title in issue . . . The trial court . . . concluded that the trustee's sale was legally held under the power of sale contained in the deed of trust . . . [T]he trial court's ruling appears fair and just because **we do not find in the record any offer on**

9

**the part of appellant to pay the full amount of the debt for which the property was given as security.** Some disposition on the part of the appellant to do equity by tendering the amount of the debt due is a prerequisite to her demand for a judgment canceling the trustee's sale. [Citations.] (Emphasis added.)

Finally, in Karlsen v. American Sav. & Loan Ass'n. (1971) 15 Cal.App.3d 112, 118, the Court of Appeal made it clear that, in order to make a valid and effective tender of the amount due, a mere "offer of performance," even if made, is of no effect if the person making it is not able to perform. In other words, if "the offeror . . . 'is without the money necessary to make the offer good and knows it . . . 'the tender is without legal force or effect. [citations]." See also, Still v. Plaza Marina Commercial Corp. (1971) 21 Cal.App.3d 378, 386; Weiner v. Van Winkle (1960) 273 Cal.App.2d 774, 782. The rule requiring an offer to purchase the property is premised upon the equitable maxim that a court of equity will not order that a useless act be performed. Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention. Leonard v. Bank of America (1936) 16 Cal.App.2d 341, 344.

Here defendant has not alleged in defendant's Answer, as defendant is required under California law to do, that defendant is ready, willing, and able to pay the full debt owing to Plaintiff in order to redeem the Property, nor has Defendant alleged the means by which Defendant can and will accomplish any such payment. *have done so many times in writing to plaintiff*

C. **Alleged Non-Compliance With Civil Code Section 2923.5 Is Not A Defense To This Action**

Civil Code § 2923.5 requires, before a notice of default may be filed, that a lender attempt to contact the borrower in person or by phone to "assess" the borrower's financial situation and "explore" options to prevent foreclosure. [Civil Code § 2923.5] In Mabry v. Superior Court (2010) --- Cal.Rptr.3d ----, 2010 WL 2180530 (Cal.App. 4 Dist.), the California Court of Appeal held that the *only* remedy for violation of the lender's obligations under Civil Code § 2923.5 is postponement of an impending foreclosure to

10

1  permit the lender to comply with the statute, "nothing more". Once completed, the
2  foreclosure sale is "final" and any failure to comply with Civil Code § 2923.5 does not
3  affect title to the property. [Mabry v. Superior Court (2010) --- Cal.Rptr.3d ----, 2010 WL
4  2180530 (Cal.App. 4 Dist.)] Moreover, Civil Code § 2923.5 is located outside of Civil
5  Code § 2924 through 2924i, which is the "comprehensive statutory framework established
6  to govern non-judicial foreclosure sales" and "is intended to be exhaustive." [Moeller v.
7  Lien (1994)] Accordingly, Civil Code § 2923.5 is outside the scope of the title inquiry that
8  can be made in these summary unlawful detainer proceedings. Finally, in the Notice of
9  Default or Notice of Sale, the lender certified that it complied with Civil Code § 2923.5.

10  ## IV.

11  ## CONCLUSION

12  Since there are no triable issues of material fact concerning Plaintiff's ownership of
13  the Property and Plaintiff's right to immediate possession of the Property, Plaintiff is
14  entitled to summary judgment as a matter of law.  Plaintiff, as the purchaser of the
15  Property, is receiving absolutely no value from the Property or any return on its
16  investment.  It is unable to rent or lease the Property, inspect the Property, repair the
17  Property, or sell the Property.  The accumulated holding costs continue to increase every
18  day.  Defendant(s) have not surrendered possession of the Property and continues to
19  remain in possession of the Property.  Accordingly, Plaintiff requests that this Court order
20  that summary judgment be entered on its Complaint for Unlawful Detainer in favor of
21  Plaintiff and against defendant Katherine Miller and All Unknown Occupants, as prayed
22  for in the Complaint.

23
24
25
26
27
28

11

1  Dated: August 17, 2010                    **NAIMAN LAW GROUP, PC**

2

3                              By:

4                                            RANDALL D. NAIMAN, Esq.
                                             Attorney for Plaintiff, **BANK OF AMERICA,**
5                                            **NATIONAL ASSOCIATION AS SUCCESSOR**
                                             **BY MERGER TO LASALLE BANK NA AS**
6                                            **TRUSTEE FOR WAMU MORTGAGE PASS-**
                                             **THROUGH CERTIFICATES SERIES 2007-OA2**
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEW ACTIv

1   Randall D. Naiman, Esq. - State Bar No. 81048
    NAIMAN LAW GROUP, PC
2   4660 La Jolla Village Drive, Suite 500
    San Diego, California 92122
3   (858) 535-4808 (telephone)
    (858) 535-4809 (facsimile)
4   Randall@NaimanLaw.com (e-mail)

5   Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS**
6   **SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
    **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**
7

8                SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9                            VAN NUYS COURTHOUSE EAST

10

11   BANK OF AMERICA, NATIONAL              ) Case No.:  10B04693
     ASSOCIATION AS SUCCESSOR BY            )
12   MERGER TO LASALLE BANK NA AS           ) **[PROPOSED] ORDER GRANTING**
     TRUSTEE FOR WAMU MORTGAGE              ) **SUMMARY JUDGMENT**
13   PASS-THROUGH CERTIFICATES              )
14   SERIES 2007-OA2                        )
                                            )
15              Plaintiff,                  )
16                                          )
          vs.                               )
17                                          )
18   KATHERINE MILLER; and DOES 1 to 6,     )
     inclusive                              )
19                                          )
20              Defendants.                 )
                                            )
21                                          ) Date:   August 25, 2010
                                            ) Time:   8:30am
22                                          ) Dept:   P
                                            ) Action filed:  July 30, 2010
23                                          ) Trial date:  None assigned
24
25
26         The motion of plaintiff, BANK OF AMERICA, NATIONAL ASSOCIATION AS

27   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU

28   MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2, ("Plaintiff"), for

                                        1

1   summary judgment having come regularly for hearing before the above-entitled court, on
2   the date above-mentioned, and the court having reviewed the motion and supporting
3   documents submitted in support of said motion, and any opposition thereto, having
4   determined that there are no material facts in dispute nor triable controversies with
5   respect to the ownership of the subject real property located at 1850 Olivera Drive,
6   Agoura Hills, California   91301 ("Property") and termination of all tenancies, and proof
7   satisfactory to the court having been made that title to the Property has been duly
8   perfected in the name of Plaintiff, by virtue of a Trustee's Deed Upon Sale, recorded in
9   the Official Records for the County of Los Angeles and the Property was therefore
10  acquired in accordance with Section 2924 of the California Civil Code, and further proof
11  having been made that the defendant and All Occupants in Possession have been duly
12  served with a Notice to Quit and deliver up possession of the Property to Plaintiff within
13  three (3) days after service of the notice pursuant to Code of Civil Procedure section 1162
14  and said defendant has remained in possession of the Property after the expiration of the
15  Notice to Quit, and accordingly, unlawfully detain the Property in violation of Code of Civil
16  Procedure section 1161a and the Court having concluded that possession of the Property
17  should be restored to Plaintiff and good cause appearing.

18      IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Plaintiff, shall have
19  and recover from defendants KATHERINE MILLER, and ALL UNKNOWN OCCUPANTS
20  who may claim an interest in possession of the subject property the restitution and
21  possession of the Property.   A Writ of Possession for the Property shall be issued
22  forthwith. This Court declines to determine the issue of damages and costs in this matter.

23
24      IT IS SO ORDERED.
25
26  Dated: _____                          _____
                                                 JUDGE OF THE SUPERIOR COURT
27
28

2

[PROPOSED] ORDER

1   Randall D. Naiman, Esq. - State Bar No. 81048
    NAIMAN LAW GROUP, PC
2   4660 La Jolla Village Drive, Suite 500
    San Diego, California 92122
3   (858) 535-4808 (telephone)
    (858) 535-4809 (facsimile)
4   Randall@NaimanLaw.com (e-mail)

5   Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS**
6   **SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
    **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

7             SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

8                          VAN NUYS COURTHOUSE EAST

| | |
|---|---|
| 9  BANK OF AMERICA, NATIONAL | Case No.: 10B04693 |
| 10  ASSOCIATION AS SUCCESSOR BY | |
|     MERGER TO LASALLE BANK NA AS | **[PROPOSED] JUDGMENT** |
| 11  TRUSTEE FOR WAMU MORTGAGE | |
| 12  PASS-THROUGH CERTIFICATES | |
|     SERIES 2007-OA2 | |
| 13 | |
| 14              Plaintiff, | |
| 15       vs. | |
| 16  Katherine Miller; and DOES 1 to 6, | Date:   August 25, 2010 |
|     inclusive | Time:   8:30am |
| 17 | Dept:   P |
|     | Action filed:  July 30, 2010 |
| 18              Defendants. | Trial date:  None assigned |
| 19 | |

20

21       This Court, having on August 25, 2010, granted the motion of Plaintiff for summary

22   judgment, and having ordered entry of judgment as requested in said motion,

23       IT IS ADJUDGED AND DECREED that Plaintiff, BANK OF AMERICA, NATIONAL

24   ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE

25   FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2, have

26   and recover from defendant KATHERINE MILLER and ALL UNKNOWN OCCPANTS

27   possession of the premises located at 1850 Olivera Drive, Agoura Hills, California  91301.

28   The clerk of this Court is directed to issue a writ possession directing the sheriff to take all

                                              1

1  legal steps necessary to remove Defendant from the premises.  The judgment shall run

2  against "all occupants" pursuant to California Code of Civil Procedure section 415.6.

3

4  IT IS SO ORDERED.

5

6  Dated: _____

JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

[PROPOSED] JUDGEMENT

*NEW ACTION*

1   Randall D. Naiman, Esq. - State Bar No. 81048
    NAIMAN LAW GROUP, PC
2   4660 La Jolla Village Drive, Suite 500
    San Diego, California 92122
3   (858) 535-4808 (telephone)
    (858) 535-4809 (facsimile)
4   Randall@NaimanLaw.com (e-mail)

5
    Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS**
6   **SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
    **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**
7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES

9                           VAN NUYS COURTHOUSE EAST

10
     BANK OF AMERICA, NATIONAL           )   Case No.: 10B04693
11   ASSOCIATION AS SUCCESSOR BY         )
     MERGER TO LASALLE BANK NA AS        )   **DECLARATION OF RANDALL D.**
12   TRUSTEE FOR WAMU MORTGAGE           )   **NAIMAN**
     PASS-THROUGH CERTIFICATES           )
13   SERIES 2007-OA2                     )
                                         )
14                                       )
                Plaintiff,               )
15                                       )
                                         )
16          vs.                          )
                                         )
17   KATHERINE MILLER; and DOES 1 to 6,  )   Date:   August 25, 2010
18   inclusive                           )   Time:   8:30am
                                         )   Dept:   P
19              Defendants.              )   Action filed: July 30, 2010
                                         )   Trial date:  None assigned
20   ────────────────────────────────────

21          TO DEFENDANTS HEREIN, THEIR ATTORNEYS OF RECORD, IF ANY, AND

22   ALL PARTIES IN INTEREST:

23   Plaintiff and Movant herein, BANK OF AMERICA, NATIONAL ASSOCIATION AS

24   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU

25   MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 ("Plaintiff"), submits

26   the following Declaration of Randall D. Naiman in support of Motion for Summary

27   Judgment.

28

# DECLARATION OF RANDALL D. NAIMAN

I, Randall D. Naiman, declare as follows:

1.     I am an attorney licensed to practice law in the State of California and the attorney of record for Plaintiff BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 ("Plaintiff"). I have personal knowledge of the facts stated herein, and, if called to testify thereon, I could and would competently do so.

2.     A true and correct copy of the subject Deed of Trust obtained from the County Recorder is attached hereto as Exhibit "1" and incorporated herein by this reference.

3.     A certified copy of the subject Notice of Default and Election to Sell Under Deed of Trust obtained from the County Recorder is attached hereto as Exhibit "2" and incorporated herein by this reference.

4.     A certified copy of the subject Trustee's Deed Upon Sale obtained from the County Recorder is attached hereto at Exhibit "3" and incorporated herein by this reference.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on August 17, 2010, in San Diego, California.


RANDALL D. NAIMAN

Exhibit "1"

 **This page is part of your document - DO NOT DISCARD** 

# 06 2778756

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

## 12/14/06 AT 08:00AM

**TITLE(S) :**





L E A D   S H E E T

| FEE | | D.T.T. |
|---|---|---|

Code 01 - 73.00      Code T008 - 001
Code 18 - 04.00
Code 20 - 02.00

**CODE
20**

**CODE
19**

**CODE
9_____**  *Grand Total = $79.00*      *Page Count = 23*

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**      **Number of AIN's Shown**

 **THIS FORM IS NOT TO BE DUPLICATED** 

RECORDING REQUESTED BY

## FINANCIAL TITLE COMPANY

WHEN RECORDED MAIL TO

**WASHINGTON MUTUAL**
**2210 ENTERPRISE DR**
**FLORENCE, SC 29501**
**DOC OPS M/S/ FSCE 440**

Title No.: **00300059-DK1**



12/14/06

**20062778756**

THIS SPACE FOR RECORDER'S USE ONLY

# DEED OF TRUST

SEPARATE PAGE PURSUANT TO GOVT CODE 27361.6

Recording Requested By·
**WASHINGTON MUTUAL BANK   FA**

Return To:
**WASHINGTON MUTUAL BANK   FA**
**2210 ENTERPRISE DR**
**FLORENCE, SC 29601**
**DOC OPS M/S FSCE 440**

Prepared By:
**BREE MCNICHOL**

────────────── {Space Above This Line For Recording Data} ──────────────

ZCA1
M39
# DEED OF TRUST
3011398694-868

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  **DECEMBER 07, 2008**
together with all Riders to this document.
(B) "Borrower" is  **KATHERINE MILLER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**

Borrower's address is   **1850 OLIVERA DR., AGOURA HILLS, CA 91301**
. Borrower is the trustor under this Security Instrument.

(C) "Lender" is  **WASHINGTON MUTUAL BANK, FA**

Lender is a  **FEDERAL SAVINGS BANK**
organized and existing under the laws of  **THE UNITED STATES OF AMERICA**

**CALIFORNIA** – Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**        Form 3005 1/01

-6(CA) (0207)
Page 1 of 15          Initials
VMP MORTGAGE FORMS - (800)521-7291



4

Lender's address is 2273 N. GREEN VALLEY PARKWAY, SUITE 14, HENDERSON, NV 89014

Lender is the beneficiary under this Security Instrument.

(D) "Trustee" is CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORP

(E) "Note" means the promissory note signed by Borrower and dated DECEMBER 07, 2006
The Note states that Borrower owes Lender ONE MILLION AND 00/100

Dollars

(U.S. $  1,000,000.00  ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JANUARY 01, 2047

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Other(s) [specify] |
| [ ] 1-4 Family Rider | [ ] Biweekly Payment Rider | |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and

Initials _Klu_

-6(CA) (0207)                        Page 2 of 15                        Form 3005 1/01

restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the  COUNTY                         of  LOS ANGELES                             :

　　　　　[Type of Recording Jurisdiction]　　　　　　　[Name of Recording Jurisdiction]

THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE EXHIBIT AND IS MADE A PART HEREOF.

Parcel ID Number:  4462007033                          which currently has the address of

1850 OLIVERA DR.                                              [Street]

AGOURA HILLS                              [City], California 91301     [Zip Code]

("Property Address"):

　　　　TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

　　　　BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

　　　　THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

　　　　UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

　　　　1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the

Initials _____

-6(CA) (0207)                          Page 3 of 18                          Form 3005 1/01

Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the

Initials: _KAu_

-6(CA) (0207)    Page 4 of 15    Form 3005 1/01

term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Initials KUr

-6(CA) (0207)          Page 5 of 15          Form 3005 1/01

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

Initials _____

9

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

Initials _Klu_

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Initials: _KH_

-6(CA) (0207)                    Page 8 of 15                    Form 3005 1/01

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(b) **Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or

Initials _Kh_

loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to

Initials _Kh_

make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred

in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual

Initials/

*15*

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee.

Initials: _KlAu_

ZCA2

Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                                              -Borrower

                                 **KATHERINE MILLER**

_____          _____ (Seal)
                                                              -Borrower

_____ (Seal)   _____ (Seal)
           -Borrower                                         -Borrower

_____ (Seal)   _____ (Seal)
           -Borrower                                         -Borrower

_____ (Seal)   _____ (Seal)
           -Borrower                                         -Borrower

State of California
County of ~~LOS ANGELES~~ *SS* Ventura                }} ss.

On  12·08·2006          before me,  Amy Jewett , notary public

*personally appeared*

KATHERINE MILLER

~~personally known to me (or~~ proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____  (Seal)

AMY JEWETT
Commission # 1441675
Notary Public - California
Ventura County
My Comm. Expires Sep 25, 2007

-6(CA) (0207)                    Page 15 of 15                    Initials _____

Form 3005 1/01

06 2 7 7 8 7 5 6

*18*

**EXHIBIT "A"**

All that certain real property situated in the County of **Los Angeles**, State of California, described as follows:

PARCEL 4 OF PARCEL MAP NO. 5430, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED MARCH 25, 1977 IN BOOK 77 PAGE 77 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

**APN: 4462-007-033**

RMTA
M39

3011398694-868

19

# ADJUSTABLE RATE RIDER
## (12-MTA Index - Payment and Rate Caps)

3011398694

THIS   ADJUSTABLE   RATE   RIDER   is   made   this   **7TH**   day   of **DECEMBER, 2006**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to   **WASHINGTON MUTUAL BANK, FA**   (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

**1850 OLIVERA DR., AGOURA HILLS, CA  91301**
### (PROPERTY ADDRESS)

**THIS RIDER CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. MY MONTHLY PAYMENT INCREASES WILL HAVE LIMITS WHICH COULD RESULT IN THE PRINCIPAL AMOUNT I MUST REPAY BEING LARGER THAN THE AMOUNT I ORIGINALLY BORROWED, BUT NOT MORE THAN 110% OF THE ORIGINAL AMOUNT (OR $ 1,100,000.00 ). MY INTEREST RATE CAN NEVER EXCEED THE LIMIT STATED IN THE NOTE AND RIDER. A BALLOON PAYMENT MAY BE DUE AT MATURITY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A. INTEREST RATE AND MONTHLY PAYMENT CHANGES

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. Up until the first day of the calendar month that immediately precedes the first payment due date set forth in Section 3 of the Note, I will pay interest at a yearly rate of   **8.983** %. Thereafter until the first Change Date (as defined in Section 4 of the Note) I will pay interest at a yearly rate of **1.100** % The interest rate I will pay will thereafter change in accordance with Section 4 of the Note.

3011398694

Section 4 of the Note provides for changes in the interest rate and monthly payment as follows:

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the <u>1ST</u> day of <u>FEBRUARY, 2007</u>, and on that day every month thereafter Each such day is called a "Change Date".

### (B) The Index

On each Change Date, my interest rate will be based on an Index. The "Index" is the Twelve-Month Average, determined as set forth below, of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H.15)" (the "Monthly Yields") The Twelve-Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12

The most recent Index figure available as of the date 15 days before each Change Date is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice

### (C) Interest Rate Change

Before each Change Date, the Note Holder will calculate my new interest rate by adding <u>TWO AND 10/100</u> percentage points <u>2.100</u> % ("Margin") to Current Index. The Note Holder will then round the result of this addition to the nearest one thousandth of one percentage point (0.001%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date In the event a new Index is selected, pursuant to paragraph 4(B), a new Margin will be determined. The new Margin will be the difference between the average of the old Index for the most recent three year period which ends on the last date the Index was available plus the Margin on the last date the old Index was available and the average of the new Index for the most recent three year period which ends on that date (or if not available for such three year period, for such time as it is available). The difference will be rounded to the next higher 1/8 of 1%.

### (D) Interest Rate Limit

My interest rate will never be greater than <u>9.700</u> % ("Cap"), except that following any sale or transfer of the property which secures repayment of this Note after the first interest rate Change Date, the maximum interest rate will be the higher of the Cap or 5 percentage points greater than the interest rate in effect at the time of such sale or transfer.

### (E) Payment Change Dates

Effective every year commencing <u>FEBRUARY 01, 2008</u>, and on the same date each twelfth month thereafter ("Payment Change Date"), the Note Holder will determine the

32843 (11-01)                     **Page 2 of 6**                     LRD02USB (VERSION 1 0)

3011398694

amount of the monthly payment that would be sufficient to repay the projected Principal balance I am expected to owe as of the Payment Change Date in full on the maturity date at the interest rate in effect 45 days prior to the Payment Change Date in substantially equal payments. The result of this calculation is the new amount of my monthly payment, subject to Section 4(F) below, and I will make payments in the new amount until the next Payment Change Date unless my payments are changed earlier under Section 4(H) of the Note.

**(F) Monthly Payment Limitations**

Unless Section 4(H) and 4(I) below apply, the amount of my new monthly payment, beginning with a Payment Change Date, will be limited to 7 1/2% more or less than the amount I have been paying. This payment cap applies only to the Principal Payment and does not apply to any escrow payments Lender may require under the Security Instrument.

**(G) Changes in My Unpaid Principal Due to Negative Amortization or Accelerated Amortization**

Since my payment amount changes less frequently than the interest rate and since the monthly payment is subject to the payment limitations described in Section 4(F), my monthly payment could be less or greater than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the maturity date in substantially equal payments. For each month that the monthly payment is less than the interest portion, the Note Holder will subtract the monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal, and interest will accrue on the amount of this difference at the current interest rate. For each month that the monthly payment is greater than the interest portion, the Note Holder will apply the excess towards a Principal reduction of the Note.

**(H) Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid Principal can never exceed a maximum amount equal to __110%____ of the principal amount original borrowed. In the event my unpaid Principal would otherwise exceed that __110%____ limitation, I will begin paying a new monthly payment until the next Payment Change Date notwithstanding the 7 1/2% annual payment increase limitation. The new monthly payment will be an amount which would be sufficient to repay my then unpaid principal in full on the maturity date at my interest rate in effect the month prior to the payment due date in substantially equal payments.

**(I) Required Full Monthly Payment**

On the __FIFTH____ anniversary of the due date of the first monthly payment, and on that same day every __FIFTH____ year thereafter, the monthly payment will be adjusted without regard to the payment cap limitation in Section 4(F)

**(J) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any questions I may have regarding the notice.

32843 (11-01)                    Page 3 of 6                    LRD02USC (VERSION 1 0)

3011398694

**(K) Failure to Make Adjustments**

If for any reason Note Holder fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Note Holder may, upon discovery of such failure, then make the adjustment as if they had been made on time. I also agree not to hold Note Holder responsible for any damages to me which may result from Note Holder's failure to make the adjustment and to let the Note Holder, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid "Principal."

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower.  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser If all or any part of the Property or any interest in the Property is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law. Lender also shall not exercise this option if. (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Agreement or other obligations related to the Note or other loan document is acceptable to Lender, (c) Assuming party executes Assumption Agreement acceptable to Lender at its sole choice and discretion, which Agreement may include an increase to Cap as set forth below and (d) payment of Assumption Fee if requested by Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption, and Lender may increase the maximum interest rate limit to the higher of the Cap or 5 percentage points greater than the interest rate in effect at the time of the transfer. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender has entered into a written assumption agreement with transferee and formally releases Borrower

23

3011398694

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

24

3011398694

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider. Borrower agrees to execute any document necessary to reform this Agreement to accurately reflect the terms of the Agreement between Borrower and Beneficiary or if the original Note, Trust Deed or other document is lost, mutilated or destroyed.

_____        _____
KATHERINE MILLER

_____        _____

_____        _____

_____        _____

32843 (11-01)                    **Page 6 of 6**                    LRD02USF (VERSION 1 0)

Exhibit "2"




**This page is part of your document - DO NOT DISCARD**



# 20091298249



Pages:
0003

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**08/24/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |



**L E A D S H E E T**



200908240160008

00001093198



002278029

**SEQ:**
**04**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E521052

t79

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800 892-6902
(818)775-2258 (Fax)

*20091298249*

Space above this line for recorder's use only

Trustee Sale No. 438263CA   Loan No. 3011398694   Title Order No. 191179

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $12,022.27 as of August 21, 2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

4B

Trustee Sale No. 438263CA   Loan No. J11398694   Title Order No. 191179

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: JPMorgan Chase Bank, National Association, at 7301 BAYMEADOWS WAY , JACKSONVILLE, FL 32256, (877) 926-8937.

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT: CALIFORNIA RECONVEYANCE COMPANY is the duly appointed Trustee under a Deed of Trust dated 12/07/2006, executed by KATHERINE MILLER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, as trustor, to secure obligations in favor of WASHINGTON MUTUAL BANK, FA, as Beneficiary Recorded 12/14/2006, Book , Page , Instrument 06 2778756 of official records in the Office of the Recorder of LOS ANGELES County, California, as more fully described on said Deed of Trust. APN: 4462-007-033 Situs: 1850 OLIVERA DR., , AGOURA HILLS, CA 91301 Including the note(s) for the sum of $1,000,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE 05/01/2009 INSTALLMENT OF PRINCIPAL AND INTEREST AND ALL SUBSEQUENT MONTHLY INSTALLMENTS OF PRINCIPAL AND INTEREST; PLUS ANY ADDITIONAL ACCRUED AND UNPAID AMOUNTS INCLUDING, BUT NOT LIMITED TO, LATE CHARGES, ADVANCES, IMPOUNDS, TAXES, HAZARD INSURANCE, ADMINISTRATIVE FEES, INSUFFICIENT AND PARTIAL RETURN CHECK FEES, STATEMENT FEES, AND OBLIGATIONS SECURED BY PRIOR ENCUMBRANCES.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code 2923.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of §2923.5.

DATE:  August 21, 2009

CALIFORNIA RECONVEYANCE COMPANY, as Trustee

YANA GRABOVSKY, Assistant Secretary

CALIFORNIA RECONVEYANCE COMPANY IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit "3"




**This page is part of your document - DO NOT DISCARD**



# 20091975469



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**12/29/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 12.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 12.00 |



**L E A D S H E E T**



200912290130004

00001707664

002464857

**SEQ:**
**08**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**



T97

ServiceLink
WHEN RECORDED MAIL TO

California Reconveyance Company
PO Box 6200
Northridge, CA 91328-6200

MAIL TAX STATEMENTS TO

Washington Mutual Bank
7255 Baymeadows Way
Jacksonville, FL 32256
Mail Stop: JAXB2007



12/29/2009

*20091975469*

_____

Space above this line for recorder's use only

Trustee Sale No. 438263CA   Loan No. 3011398694   Title Order No. 191179

## TRUSTEE'S DEED UPON SALE

APN 4462-007-033   T.R.A. No.
The undersigned grantor declares:
1)   The Grantee herein <u>was</u> the foreclosing beneficiary.
2)   The amount of the unpaid debt together with costs was ...................$1,103,600.13
3)   The amount paid by the grantee at the trustee sale was...................$1,103,600.13
4)   The documentary transfer tax is........................................................$0
5)   Said property is in AGOURA HILLS
and CALIFORNIA RECONVEYANCE COMPANY (herein called Trustee), as the duly appointed Trustee or substituted Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA2 Trust (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of LOS ANGELES, State of California, described as follows:  PARCEL 4 OF PARCEL MAP NO. 5430, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED MARCH 25, 1977 IN BOOK 77 PAGE 77 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

**Situs:** 1850 OLIVERA DR., , AGOURA HILLS, CA 91301
RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 12/07/2006 and executed by KATHERINE MILLER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, as Trustor, and Recorded 12/14/2006, Book , Page , Instrument 06 2778756 of official records of LOS ANGELES County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 12/16/2009. Grantee, being the

highest bidder at said sale, became the purchaser of said property for the amount bid being $1,103,600.13 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.


DATE: December 22, 2009

CALIFORNIA RECONVEYANCE COMPANY, as Trustee


Karime Arias,  Assistant Secretary



STATE OF CALIFORNIA
COUNTY OF LOS ANGELES


On December 22, 2009, before me, FRED RESTREPO , "Notary Public", personally appeared KARIME ARIAS , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

FRED RESTREPO
Commission # 1648173
Notary Public - California
Los Angeles County
My Comm. Expires May 8, 2013

1  Randall D. Naiman, Esq. - State Bar No. 81048
   NAIMAN LAW GROUP, PC
2  4660 La Jolla Village Drive, Suite 500
   San Diego, California 92122
3  (858) 535-4808 (telephone)
   (858) 535-4809 (facsimile)
4  Randall@NaimanLaw.com (e-mail)

5  Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS
   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
6  **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

7
                SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
8
                        VAN NUYS COURTHOUSE EAST
9

10
    BANK OF AMERICA, NATIONAL              )  Case No.: 10B04693
11  ASSOCIATION AS SUCCESSOR BY           )
    MERGER TO LASALLE BANK NA AS          )  **DECLARATION OF MICHELE GEORGE
12  TRUSTEE FOR WAMU MORTGAGE             )  IN SUPPORT OF MOTION FOR
    PASS-THROUGH CERTIFICATES             )  SUMMARY JUDGMENT BY PLAINTIFF**
13  SERIES 2007-OA2                        )
                                          )  [Filed concurrently with Plaintiff's
14                                        )  Memorandum of Points and Authorities,
              Plaintiff,                   )  Supporting Declarations; Plaintiff's
15                                        )  Separate Statement of Undisputed
                                          )  Material Facts and Evidence; [Proposed]
16      vs.                               )  Order Granting Summary Judgment;
                                          )  [Proposed] Judgment; and Proof of
17   KATHERINE MILLER; and DOES 1 to 6,  )  Service]
    inclusive                             )
18                                        )  VIA FAX
                                          )
19            Defendants.                  )
                                          )  Date:  August 25, 2010
20                                        )  Time:  8:30am
                                          )  Dept:  P
21                                        )  Action filed:  July 30, 2010
                                          )  Trial date:  None assigned
22                                        )
                                          )
23  _____

24       I, Michele George, declare as follows:

25       1.      I am employed as a licensed California real estate agent for Realty World.  I

26  have been a California real estate agent since 1992 (Lic. No. 01144604).   In my capacity

27  as a real estate agent, I have personal knowledge of the facts stated herein, and, if called

28  to testify thereon, I could and would competently do so.

1

DELCLARATION OF MICHELE GEORGE  IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF

2. I have been hired by Chase Home Finance ("Chase"), which acts as servicing agent (i.e., managing agent) for BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2, the Plaintiff in this action, to market and sell the property located at 1850 Olivera Drive, Agoura Hills, California 91301 ("Property"), which is the subject of this action, which Plaintiff acquired at a trustee's sale on December 16, 2009.

3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*no —*

4. Up to and including the date of the execution of this declaration, Defendant Katherine Miller, remains and continues to remain, in possession of the Property. Plaintiff does not have possession of the Property.

5. Pursuant to California Rules of Court, Rule 2.305(d), my signature by facsimile set forth below shall be deemed an original signature.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on August 17, 2010, at Thousand Oaks, California.

*Michele George*

Michele George

DELCLARATION OF MICHELE GEORGE  IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF

1   Randall D. Naiman, Esq. - State Bar No. 81048
    NAIMAN LAW GROUP, PC
2   4660 La Jolla Village Drive, Suite 500
    San Diego, California 92122
3   (858) 535-4808 (telephone)
    (858) 535-4809 (facsimile)
4   Randall@NaimanLaw.com (e-mail)

5   Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS**
6   **SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
    **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**
7

8               SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
9                          VAN NUYS COURTHOUSE EAST
10

11   BANK OF AMERICA, NATIONAL            ) Case No.: 10B04693
     ASSOCIATION AS SUCCESSOR BY          )
12   MERGER TO LASALLE BANK NA AS         )
13   TRUSTEE FOR WAMU MORTGAGE            ) **DECLARATION OF GEORGE**
     PASS-THROUGH CERTIFICATES            ) **RODRIGUEZ**
14   SERIES 2007-OA2                      )
                                          )
15             Plaintiff,                 )
                                          )
16                                        )
         vs.                              )
17                                        )
18   KATHERINE MILLER; and DOES 1 to 6,   )
     inclusive                            )
19                                        ) Date:  August 25, 2010
                                          ) Time:  8:30am
20             Defendants.                ) Dept:  P
                                          ) Action filed:  July 20, 2010
21                                        ) Trial date: None assigned

22        TO DEFENDANT(S) HEREIN, THEIR ATTORNYS OR RECORD, IF ANY, AND
23   ALL PARTIES IN INTEREST.
24        Plaintiff and Movant herein, BANK OF AMERICA, NATIONAL ASSOCIATION AS
25   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU
26   MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 ("Plaintiff"), submits
27   the following Declaration of George Rodriguez in Support of its Motion for Summary
28   Judgment.

                                          1

# DECLARATION OF GEORGE RODRIGUEZ

I, George Rodriguez, declare as follows:

1.    I am a process server licensed by the State of California. I have personal knowledge of the facts stated herein, and, if called to testify thereon, I could and would competently do so.

2.    On January 7, 2010, I served a Notice to Vacate ("Notice) at the residential real property located at 1850 Olivera Drive, Agoura Hills, California 91301 ("Property"), by serving Katherine Miller, and All Unknown Occupants, by posting a copy of the Notice on the front door of the residence of the Property on January 7, 2010, and mailing a copy of the Notice, postage pre-paid, by first class mail, on January 7, 2010, to Katherine Miller, and All Unknown Occupants because no person of suitable age or discretion could be found at the Property or business of said occupants at the time of service. Thereafter, I executed Proofs of Service attesting to such service. (True and correct copies of the Notice to Quit and Proofs of Service are attached hereto collectively as Exhibit "4" and incorporated herein by this reference.

3.    Pursuant to California Rules of Court, Rule 2.305(d), my signature by facsimile set forth shall be deemed an original signature.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on August 17, 2010 in San Dimas, California.

George Rodriguez

2

Exhibit "1"

# NOTICE TO VACATE

TO:          Katherine Miller and all tenants, subtenants, and others in possession

ADDRESS:     1850 OLIVERA DRIVE, AGOURA HILLS, CA 91301

The above-referenced real property ("Property") was sold at a foreclosure sale in accordance with section 2924 of the California Civil Code under a power of sale contained in a deed of trust securing said Property, and title under the sale has been duly perfected. The new owner seeks to recover possession of the Property in good faith to market and sell the Property.

Within **three (3) days** after service of this notice, you are hereby required to vacate and deliver possession of the Property now held and occupied by you to the undersigned <u>unless</u> you are a tenant or subtenant who rented the Property before the foreclosure sale.

If you are a tenant or subtenant who rented the Property before the foreclosure sale, then you must vacate the Property within **ninety (90) days** after service of this notice <u>unless</u> you are tenant who entered into a bona fide lease prior to the notice of foreclosure in which case you must vacate the Property at the end of the remaining current term of the bona fide lease or ninety days after service of this notice, whichever occurs later.

A lease is considered bona fide only if all of the following conditions exist: (1) you are not the mortgagor or the child, spouse, or parent of the mortgagor; (2) your lease was the result of an arms-length transaction; and (3) the lease requires the receipt of rent that (i) is not substantially less than fair market rent for the Property or (ii) the Property's rent is reduced or subsidized due to a federal, state or local subsidy.

If you claim to be a tenant or subtenant, within three days after service of this notice, please notify the undersigned in writing of your tenancy and provide the undersigned with the following information: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement, please provide a written explanation of the terms of the agreement under which you occupy the Property, including without limitation, the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of monthly rent, the utilities paid by the landlord (if any), the amount of your security deposit (if any), and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) a list of any conditions at the Property that require repair; and (d) whether you are the child, spouse, or parent of the mortgagor.

If you are a tenant who rented the Property before the foreclosure sale, you have a right to request that the new owner or its authorized agent make an initial inspection of the Property to determine its condition before you vacate, and you have the right to be present during the inspection. The purpose of the inspection is to allow you an opportunity to remedy identified deficiencies or damage to the Property, if any, caused by you. If you wish to have such an inspection, please contact the undersigned as soon as possible. If you request an inspection, you

will be given 48 hours advance notice of the inspection, but you may waive in writing the required 48 hours notice and have the inspection done sooner.

This notice is intended as a notice to quit pursuant to California Code of Civil Procedure sections 1161a and 1161b. This notice is also intended as a notice of termination/non-renewal of tenancy as to any tenancies that survived the foreclosure sale.

NAIMAN LAW GROUP
Professional Corporation

DATED: January 5, 2010

By: Randall D. Naiman, Esq.
Attorneys for the new owner: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST
4660 La Jolla Village Drive, Suite 500
San Diego, CA 92122
Telephone: (858) 535-4808
Facsimile: (858) 535-4805

For information regarding this notice, please call (858) 535-4806.

Exhibit "2"

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: (858)535-4808 | | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| Naiman Law Group<br>4660 La Jolla Village Drive<br>San Diego          CA | 500<br>92122 | | | | |
| Attorney For: PLAINTIFF | | | Reference Number:<br>2671325                49586 | | |

| Plaintiff/Petitioner: | Bank of America, National | | | |
|---|---|---|---|---|
| Defendant/Respondent: | Katherine Miller, et al. | | | |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Notice to Vacate

On the following tenant(s): Katherine Miller

Address:    1850 Olivera Drive
            Agoura Hills, CA 91301

Date and Time of Posting:  1/7/2010 at 07:45am.

BY POSTING a copy for each above-named tenant in a conspicious place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant(s) AND MAILING by first-class mail on said date a copy to each tenant by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named tenant(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $  $45.00

George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.: 6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  1/11/2010

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: | FOR COURT USE ONLY |
|---|---|---|---|---|
| Naiman Law Group | | | (858)535-4808 | |
| 4660 La Jolla Village Drive | | 500 | | |
| San Diego | CA | 92122 | Reference Number: | |
| Attorney For:PLAINTIFF | | | 2671326          49586 | |

| Plaintiff/Petitioner: | Bank of America, National | | | |
|---|---|---|---|---|
| Defendant/Respondent: | Katherine Miller, et al. | | | |

| **PROOF OF SERVICE** "FILE BY FAX" | Hearing Date: | Time: | Dept/Div.: | Case Number: NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Notice to Vacate

On the following tenant(s): All Occupants in Care of Named Tenant, Katherine Miller

Address:   1850 Olivera Drive
           Agoura Hills, CA 91301

Date and Time of Posting:  1/7/2010 at 07:45am.

BY POSTING a copy for each above-named tenant in a conspicious place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant(s) AND MAILING by first-class mail on said date a copy to each tenant by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named tenant(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

## Attorney Service of San Dimas
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202  Fax (909)394-1204

Fee for service: $  $0.00

George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.:  6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  1/11/2010

NEW ACTION

Randall D. Naiman, Esq. - State Bar No. 81048
NAIMAN LAW GROUP, PC
4660 La Jolla Village Drive, Suite 500
San Diego, California 92122
(858) 535-4808 (telephone)
(858) 535-4809 (facsimile)
Randall@NaimanLaw.com (e-mail)

Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## VAN NUYS COURTHOUSE EAST

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2<br><br>           Plaintiff,<br><br>      vs.<br><br>KATHERINE MILLER; and DOES 1 to 6, inclusive<br><br>           Defendants. | Case No.: 10B04693<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE**<br><br><br><br><br>Date:   August 25, 2010<br>Time:   8:30am<br>Dept:   P<br>Action filed: July 30, 2010<br>Trial date:  None assigned |

TO DEFENDANT(S) HEREIN, THEIR ATTORNEY'S OF RECORD, IF ANY, AND ALL PARTIES IN INTEREST:

Plaintiff and Movant herein, BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 ("Plaintiff"), submits the following Separate Statement of Undisputed Material Facts and Supporting Evidence in Support of its Motion for Summary Judgment.

1

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND SUPPORTING**

**EVIDENCE ON THE FIRST CAUSE OF ACTION FOR UNLAWFUL DETAINER**

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|---|
| 1. | On or about December 14, 2006, Defendant executed a Deed of Trust (the "Deed of Trust") encumbering the real property commonly known as 1850 Olivera Drive, Agoura Hills, California 91301 ("the Property"). The Deed of Trust was recorded in the Official Records, County of Los Angeles, on December 14, 2006, ¶ 2; True and correct Copy of Deed of Trust, Exhibit 1 to Naiman Declaration. | |
| 2. | On August 21, 2009, California Reconveyance Company ("CRC"), executed a Notice of Default and Election to Sell Under Deed of Trust, and included a declaration verifying that the requirements of California Civil Code §2923.5 have been met. ¶ 3; Certified Copy of Notice of Default, Exhibit 2 to Naiman Declaration. | |
| 2. | On December 16, 2009, Plaintiff purchased the property at a Trustee's Sale held in accordance with Civil Code section 2924 under a power of sale contained in the Deed of Trust. Naiman Declaration, ¶ 4; Certified Copy of Trustee's Deed Upon Sale, Exhibit 3 to Naiman Declaration. | |
| 3. | On December 29, 2009, title to the Property was perfected in Plaintiff by the recording of a Trustee's Deed Upon Sale in the Official Records of the County of Los Angeles. Naiman Declaration ¶ 4; Certified Copy of Trustee's Deed Upon Sale, Exhibit 3 to Naiman Declaration. | |
| 4. | ███████████████████████ ██████████████████████ ea██████████████████up | |

2

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| within three (5) days after service of the notice (hereafter, the "Notice"). Rodriguez Declaration; ¶ 2; Notice and Proofs of Service, Exhibit 3 to Rodriguez Declaration. | |
| 5. The process server served the Notice at the Property, by serving Katherine Miller, and All Unknown Occupants, by posting a copy of the Notice on the front door of the residence of the Property on January 7, 2010, and mailing a copy of the Notice, postage pre-paid, by first class mail, on January 7, 2010, to Katherine Miller, and All Unknown Occupants because no person of suitable age or discretion could be found at the Property of business of said occupants at the time of service. Thereafter, the process server executed proofs of service attesting to such service. George Declaration, ¶ 2; Notice and Proofs of Service, Exhibit 4 to Rodriguez Declaration. | not so |
| 6. More than three days have elapsed since service of the Notice. However, Defendant remains in possession of the Property. George Declaration, ¶¶ 2 & 3; Defendant's Answer. | |

DATED: August 17, 2010

NAIMAN LAW GROUP, PC

By: _____

RANDALL D. NAIMAN, Esq.
Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

3

1   Randall D. Naiman, Esq. - State Bar No. 81048
    NAIMAN LAW GROUP, PC
2   4660 La Jolla Village Drive, Suite 500
    San Diego, California 92122
3   (858) 535-4808 (telephone)
    (858) 535-4809 (facsimile)
4   Randall@NaimanLaw.com (e-mail)

5   Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS**
6   **SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
    **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**
7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9                       VAN NUYS COURTHOUSE EAST

10

11   BANK OF AMERICA, NATIONAL              Case No.: 10B04693
     ASSOCIATION AS SUCCESSOR BY
12   MERGER TO LASALLE BANK NA AS           **PROOF OF SERVICE**
     TRUSTEE FOR WAMU MORTGAGE
13   PASS-THROUGH CERTIFICATES
14   SERIES 2007-OA2

15          Plaintiff,

16      vs.

17
     KATHERINE MILLER; and DOES 1 to 6,
18   inclusive

19
            Defendants.
20
21                                          Date:  August 25, 2010
                                            Time:  8:30am
22                                          Dept:  P
                                            Action filed:  July 30, 2010
23                                          Trial date:  None assigned

24

25

26

27

28

                                    1

1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
**VAN NUYS COURTHOUSE EAST**

2

3

4

RE:  Bank of America v. Miller                                              Case No. 10B04693

5

6
I, Michelle Guadagnolo, declare that I am, and was at the time of the service of the papers herein referred to, over the age of eighteen years, and not a party to the above-entitled action and employed in the County of San Diego, California.  My business address 4660 La Jolla Village Drive, Ste. 500, San Diego, CA 92122.  On August 17, 2010, I served the following documents on the parties to this action in the following manner:

7

8

9

10
DOCUMENTS:

11
    SEE ATTACHMENT

12
PARTIES:    Katherine Miller

13
            1850 Olivera Drive
            Agoura Hills, CA 91301

14

15
MANNER OF SERVICE:

16
    X  (BY OVERNIGHT DELIVERY) By Federal Express or other overnight delivery service, for delivery on the next business day.  A true and correct copy of the Federal Express or other overnight delivery service airbill is attached hereto.

17

18

19
    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21
    Executed on August 17, 2010, at San Diego, California.

22

23
                                        _____
                                        Michelle Guadagnolo

24

25

26

27

28

2

PROOF OF SERVICE

ATTACHMENT

1.  Notice of Motion and Motion for Summary Judgment by Plaintiff

2.  Statement of Facts and Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Plaintiff

3.  Plaintiff's Separate Statement of Undisputed Facts and Supporting Evidence on Motion for Summary Judgment

4.  Declaration of Randall D. Naiman in Support of Motion for Summary Judgment by Plaintiff

5.  Declaration of Michele George in Support of Motion for Summary Judgment by Plaintiff

6.  Declaration of George Rodriguez in Support of Motion for Summary Judgment by Plaintiff

7.  [Proposed] Order Granting Plaintiff's Motion for Summary Judgment and Judgment Thereon

8.  [Proposed] Judgment

From:   Origin ID: RBLA  (858) 535-4808
RANDALL D. NAIMAN
LAW OFFICES OF RANDALL D. NAIMAN
4660 LA JOLLA VILLAGE DRIVE, #500

SAN DIEGO, CA 92122





Ship Date: 17AUG10
ActWgt: 1.0 LB
CAD: 3270960/INET3060

Delivery Address Bar Code

Ref #     49586
Invoice #
PO #
Dept #

SHIP TO:   (000) 000-0000        BILL SENDER
**KATHERINE MILLER**

**1850 OLIVERA DR**

**AGOURA HILLS, CA 91301**



TRK#  7989 5552 7205
0201

**WZ JSNA**

WED - 18  AUG   A2
PRIORITY  OVERNIGHT
RES

91301
CA-US
BUR



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|
| Katherine Miller<br>1850 Olivera Drive<br>Agoura Hills, CA 91301 | 818-865-1005 | COPY<br><br>Katherine<br>Miller picked<br>up 8-4-2010<br>+ paid $150 |

ATTORNEY FOR (Name):  Katherine Miller

NAME OF COURT:  Superior Court of California, County of Los Angeles
STREET ADDRESS:  6230 Sylmar Ave
MAILING ADDRESS:
CITY AND ZIP CODE:  Van Nuys, CA 91401
BRANCH NAME:  Northwest District

PLAINTIFF:  Bank of America, National Association as Successor by Merger to Laa

DEFENDANT: Katherine Miller

| **ANSWER—Unlawful Detainer** | CASE NUMBER:<br>10B04093 |
|---|---|

1. Defendant (names):
   Katherine Miller

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☐ Defendant generally denies each statement of the complaint. (Do not check this box if the complaint demands more than $1,000.
   b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT :
      (1) Defendant claims the following statements of the complaint are false (use paragraph numbers from the complaint or explain):
      Paragraph 4 is untrue. Paragraph # 5 - Defendant has no proof that Plaintiff is the true and rightful owner of the property. Paragraph 7, 9,10,11 [see attachment]. all prayers for judgement
      ☑ Continued on Attachment 2b (1).
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (use paragraph numbers from the complaint or explain):
      paragraph 3,4,5,6

      ☐ Continued on Attachment 2b (2).

3. AFFIRMATIVE DEFENSES     (NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j)).
   a. ☐ (nonpayment of rent only) Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ (nonpayment of rent only) Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ (nonpayment of rent only) On (date):                    before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

      (Also, briefly state the facts showing violation of the ordinance in item 3j.)
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☑ Other affirmative defenses are stated in item 3j.

Form Approved by the Judicial<br>Council of California<br>UD-105 [Rev. January 1, 2007]

**ANSWER—Unlawful Detainer**

Civil Code, §1940 et seq.;<br>Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

UD-105

| PLAINTIFF (Name): Bank of America, National Association as Successor by Merger | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Katherine Miller | 10B04093 |

3. AFFIRMATIVE DEFENSES (cont'd)
  j. Facts supporting affirmative defenses checked above (identify each item separately by its letter from page one):

  This Complaint and Summons and all Claims are based upon a vague "3 Day"/ "90 Day" Notice to Vacate
  served around January 5, 2010. The Notice is too vague and confusing to be taken as a clear document
  satisfying the legal requirements for such a Notice.

  (1) ☐ All the facts are stated in Attachment 3j.   (2) ☐ Facts are continued in Attachment 3j.

4. OTHER STATEMENTS
  a. ☐ Defendant vacated the premises on (date):
  b. ☑ The fair rental value of the premises alleged in the complaint is excessive (explain):

  There is "NO" rental value as there is and never was a lease, and the premises are in construction

  c. ☑ Other (specify):

  They deny a lease, make no declaration of forfeiture, then they have no right to claim
  non-payment for any value; to recover such damages they have to bring a separate action

5. DEFENDANT REQUESTS
  a. that plaintiff take nothing requested in the complaint.
  b. costs incurred in this proceeding.
  c. ☑ reasonable attorney fees.
  d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide
      habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
  e. ☑ Other (specify):

6. ☑ Number of pages attached (specify): 1

7. (Must be completed in all cases) An unlawful detainer assistant ☐ did not ☐ did for compensation give advice or
   assistance with this form. (If defendant has received any help or advice for pay from an unlawful detainer assistant, state:

   **UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400- 6415)**

   a. Assistant's name:                                    b. Telephone No.:
   c. Street address, city, and ZIP:
   d. County of registration:              e. Registration No.:           f. Expires on (date):

Katherine Miller
_____              ►_____
        (TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT OR ATTORNEY)

                                              ►_____
_____                   (SIGNATURE OF DEFENDANT OR ATTORNEY)
        (TYPE OR PRINT NAME)

(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct. Date:

                                              ►
Katherine Miller
_____              _____
        (TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

| SHORT TITLE: Bank of America v Miller | CASE NUMBER: |
|---|---|
| | 10B04093 |

1 ATTACHMENT 2b(1)

2 Paragraph 7 - Paragraph 7 states that a 90 Day Notice to vacate was served on january 7, 2010 and that a
3 copy of the Notice is attached as Exhibit A. The Notice attached as Exhibit A is very unclear as to whether
4 it is a 90 Day Notice to Vacate or a 3 Day Notice to Quit. In the second paragraph it calls itself a 3 Day Notice (giving 3 days to quit) and then in the next paragraph it calls for 90 days to vacate. After saying it is
5 both it then goes on to be more confusing.

6 Paragraph 9 - This paragraph says the Defendant continues in possession of the property without the
7 Plaintiff's consent or permission. After the 3 days was up nothing was done and after the 90 days was
8 passed nothing was done and no further communication passed until this Complaint was served, much later, leading the Defendant to believe that I had the implied permission to stay on trying to work out a
9 way to keep my property (either to re-purchase or to have the foreclosure rescinded and reassume the loan).
10 Paragraph 10 - at the time of the service of the Notice there were in fact tenants with year leases that were
11 not set to expire until after April 7th 2010. The allegation in this paragraph is wrong.
 Paragraph 11 - I contest the assessment of the "damages" as being totally made up and arbitrary, and not
12 based on anything real. I did not have a lease with the Plaintiff and so there was nothing to base it on and
13 furthermore the property is in construction and not finished.

14

15

16

17

18

19

20

21

22

23

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___1___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

1  Randall D. Naiman, Esq. – State Bar No. 81048
   NAIMAN LAW GROUP, PC
2  4660 La Jolla Village Drive, Suite 500
   San Diego, California 92122
3  (858) 535-4808 (telephone)
   (858) 535-4809 (facsimile)
4

5  Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS
   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU
6  MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9                          VAN NUYS COURTHOUSE EAST

10

11  BANK OF AMERICA, NATIONAL            ) CASE NO. 10B04693
    ASSOCIATION AS SUCCESSOR BY          )
12  MERGER TO LASALLE BANK NA AS         ) **NOTICE OF CONTINUANCE OF MOTION
    TRUSTEE FOR WAMU MORTGAGE            ) FOR SUMMARY JUDGMENT BY
13  PASS-THROUGH CERTIFICATES            ) PLAINTIFF**
14  SERIES 2007-OA2                      )
                                         )
15              Plaintiff,               ) Date:  October 5, 2010
                                         ) Continued From:   September 3, 2010
16       vs.                             ) Time:  8:30am
                                         ) Dept:   NWP
17                                       ) Action filed:  July 30, 2010
    KATHERINE MILLER; and DOES 1 to 6,   ) Trial date:  None assigned
18  inclusive                            )
                                         )
19              Defendants.              )
                                         )
20                                       )
                                         )
21  _____ )

22

23       TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

24       **YOU ARE HEREBY NOTIFIED THAT** the Motion for Summary Judgment originally

25  scheduled on September 3, 2010 in the above-entitled Court has been continued to

26  October 5, 2010, at 8:30am, in Department NWP of the above-entitled Court, located at

27  6230 Sylmar Avenue, Van Nuys, California 91401.

28                                      1

1  | Dated: September 3, 2010

**NAIMAN LAW GROUP, PC**

By: _____

Randall D. Naiman
Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

2

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Randall D. Naiman, Esq. (#81048)<br>Naiman Law Group, PC<br>4660 La Jolla Village Drive<br>Suite 500<br>San Diego, CA 92122<br>TELEPHONE NO.: (858) 535-4808   FAX NO. *(Optional):* (858) 535-4809<br>E-MAIL ADDRESS *(Optional):* randall@naimanlaw.com<br>ATTORNEY FOR *(Name):* BANK OF AMERICA, NATIONAL ASSOCIATION | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: COUNTY OF LOS ANGELES
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys, California 91401
BRANCH NAME: VAN NUYS COURTHOUSE EAST

PLAINTIFF/PETITIONER: BANK OF AMERICA, NATIONAL ASSOCIATI

DEFENDANT/RESPONDENT: KATHERINE MILLER; and DOES 1 to 6, inclusive

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE—CIVIL** | 10B04693 |
| **Check method of service *(only one):*** | |
| ☐ **By Personal Service**   ☒ **By Mail**   ☐ **By Overnight Delivery** | JUDGE: |
| ☐ **By Messenger Service**   ☐ **By Fax**   ☐ **By Electronic Service** | DEPT.: |

***(Do not use this proof of service to show service of a Summons and complaint.)***

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
4660 La Jolla Village Dr., Ste. 500, San Diego, CA 92122

3. ☐   The fax number or electronic notification address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* 9/3/2010   I served the following **documents** *(specify):* Notice of Continuance of Motion for Summary Judgment by Plaintiff

☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served:

   b. ☒   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served: 1850 Olivera Drive, Agoura Hills, CA 91301

   c. ☐   *(Complete if service was by fax or electronic service.)*
   (1) Fax number or electronic notification address where person was served:

   (2) Time of service:
   ☐   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

   *(Continued on next page)*

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Legal Solutions Plus

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a, 2015.5; Cal. Rules of Court, rules 2.260, 2.306

*BANK OF AMERICA, Et. Al. vs. KATHERINE MILLER, Et.Al.*
**Superior Court Case No.: 10B04693**

# EXHIBIT 1

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Miller, Katherine** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-0845** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**1850 Olivera Drive**<br>**Agoura Hills, CA**<br>ZIP Code **91301** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,   ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as    business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | **FILED**<br><br>**SEP - 2 2010**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

1: 10-DK-21052GW7

B1 (Official Form 1)(4/10)

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Miller, Katherine** |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** _____<br>   Signature of Attorney for Debtor(s)          (Date) |

| Exhibit C |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>■ No. |

| Exhibit D |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br>■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br>If this is a joint petition:<br>☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue |
|---|
| (Check any applicable box) |

- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.
- ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

| Certification by a Debtor Who Resides as a Tenant of Residential Property |
|---|
| (Check all applicable boxes) |

- ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

   _____
   (Name of landlord that obtained judgment)

   _____
   (Address of landlord)

- ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and
- ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.
- ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)

| **Voluntary Petition** | Name of Debtor(s):<br>**Miller, Katherine** |
|---|---|
| *(This page must be completed and filed in every case)* | |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor **Katherine Miller**

X _____
Signature of Joint Debtor

**(818)251-0393**
Telephone Number (If not represented by attorney)

**September 1, 2010**
Date

**Signature of Attorney***

X **Debtor not represented by attorney**
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____
Telephone Number

_____
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Central District of California

In re   **Katherine Miller**

_____
Debtor(s)

Case No. _____

Chapter   **7** _____

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
# CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

■ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1 D (Official Form 1, Exhibit D) (12/09) - Cont.                                          Page 2

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

    ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

      Signature of Debtor: _____

                      **Katherine Miller**

      Date:    **September 1, 2010**

Verification of Creditor Mailing List - (Rev. 1b. ᵕⱼ                                                                 2005 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name _____

Address _____

Telephone _____

☐  Attorney for Debtor(s)
■  Debtor in Pro Per

---

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years:<br>**Katherine Miller** | Case No.: |
|---|---|
| | Chapter:          **7** |
| | |

---

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __1__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and/omissions.

Date:  **September  1, 2010**

**Katherine Miller**
Signature of Debtor

Date:  **September  1, 2010**

_____
Signature of Attorney

Form B21 (Official Form 21) - (12/07)                                    2007 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re (set forth here all names including married, maiden, and trade names used by the debtor within last 8 years): | FOR COURT USE ONLY |
|---|---|
| **Katherine Miller** | |
| Debtor. | |

| Address:<br>**1850 Olivera Drive**<br>**Agoura Hills, CA 91301** | Case No.:<br>Chapter: 7 |
|---|---|
| Last four digits of Social Security Number(s):<br>**xxx-xx-0845**<br>Complete Employer's Tax Identification Number(s) (if any): | **STATEMENT OF SOCIAL-SECURITY NUMBER(S) (OR OTHER INDIVIDUAL TAXPAYER-IDENTIFICATION NUMBER (ITIN))** |

1.  Name of Debtor (enter Last, First, Middle): **Miller, Katherine,**
    (Check the appropriate box and, if applicable, provide the required information.)

    ☒ Debtor has a Social Security Number and it is: 545 72 0 845
       (If more than one, state all.)

    ☐ Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification Number (ITIN),
       and it is: __.
       (If more than one, state all.)

    ☐ Debtor does not have either a Social Security Number or an Individual Taxpayer-Identification Number (ITIN).

2.  Name of Joint Debtor (enter Last, First, Middle): _____
    (Check the appropriate box and, if applicable, provide the required information.)

    ☐ Joint Debtor has a Social Security Number and it is: __
       (If more than one, state all.)

    ☐ Joint Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification Number
       (ITIN), and it is: __.
       (If more than one, state all.)

    ☐ Joint Debtor does not have either a Social Security Number or an Individual Taxpayer-Identification Number
       (ITIN).

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| _(signature)_ | **September 1, 2010** |
| **Katherine Miller** | Date |
| Signature of Debtor | |

| | |
|---|---|
| | |
| Signature of Joint Debtor | Date |

*Joint debtors must provide information for both spouses.

*Penalty for making a false statement:* Fine of up to $250,000 or up to 5 years imprisonment or both. 18 U.S.C. §§ 152 and 3571.

Katherine Miller
1850 Olivera Drive
Agoura Hills, CA 91301

Naiman Law Group
4660 La Jolla Village Dr.
Suite 500
San Diego, CA 92122

09/02/2010 16:48   6265751464   P.001

*** TX REPORT ***

| JOB NO. | MODE | TEL | DESTINATION TEL/ID | NO. | START TIME | PAGE | RESULT |
|---|---|---|---|---|---|---|---|
| 7881 | ECM | TX | 18585354805 | 001 | 09/02 16:46 | 005 | OK 01,90 |

**STAPLES copy&printcenter**

## Complimentary Self-Serve Fax Cover Sheet

To: RANDALL O NAIMAN
Fax #: 858 535-4809  4405

From: KATHERINE MILLER
Phone #: 818 · 251-0397
Reply Fax #:

Date: 9/2/2010

Number of Pages (Including Cover): 5

Urgent ☐  Confidential ☑  Confirm Receipt ☐

MOTION SET FOR FRIDAY 9/3/10 VAN NUYS COURTS
CASE # 10 B 04693

## We'll do it right the first time — guaranteed.

Black & white copies • Color copies • Custom printing • Binding • Folding • Wide-format copying • Custom stamps • UPS shipping and more

**that was easy.**

5/06btzav_0098

09/02/2010 16:30 6265751464 P.001

***************************************
*** TX REPORT ***
***************************************

| JOB NO. | MODE | NO. | DESTINATION TEL/ID | START TIME | PAGE | RESULT |
|---|---|---|---|---|---|---|
| 7878 | TX ECM | 001 | 18585354809 | 09/02 16:29 | 005 | OK 00'58 |

STAPLES **copy&print**center

# Complimentary Self-Serve Fax Cover Sheet

To: RANDALL O NAIMAN

Fax #: 858 535-4809

Date: 9/2/2010

Number of Pages (Including Cover): 5

From: KATHERINE MILLER

Phone #: 818-251-0397

Reply Fax #:

Urgent ☐ Confidential ☑ Confirm Receipt ☐

MOTION SET FOR FRIDAY 9/3/10 VAN NUYS COURTS

CASE # 10B04693

We'll do it right the first time — guaranteed.

Black & white copies • Color copies • Custom printing • Binding • Folding • Wide-format copying • Custom stamps • UPS shipping and more

that was easy.

5/06bizsv_00

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Katherine Miller<br>1850 Olivera Drive<br>Agoura Hills, CA 91301<br><br>TELEPHONE NO.: 818-251-0393  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | ORIGINAL FILED<br>Northwest District<br><br>SEP 2 2011<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 6230 Sylmar Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Van Nuys Courthouse East

PETITIONER/PLAINTIFF: Bank of America N.A Successor

RESPONDENT/DEFENDANT: Katherine Miller

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>10B04693 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   2400 Wabash Ave. Los Angeles, CA 90032

3. On *(date):* 9/2/2010  I mailed from *(city and state):* Los Angeles, CA
   the following **documents** *(specify):*
   Notice of Stay of Proceedings

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Naiman Law Group
   b. **Address** of person served:
      4660 La Jolla Village Dr. Suite 500 San Diego, CA 92122

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/2/2010

Raymond Martinez
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)    ▶    (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005]    **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>(Proof of Service)    Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Katherine Miller<br>1850 Olivera Dr. Agoura Hills, CA 91301<br>TELEPHONE NO.: 818-251-0393      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | ORIGINAL FILED<br>Northwest District |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES

STREET ADDRESS: 6230 Sylmar Ave.

MAILING ADDRESS:

CITY AND ZIP CODE:  Van Nuys 91401

BRANCH NAME:  Van Nuys Courthouse East

SEP 02 2010

LOS ANGELES
SUPERIOR COURT

PLAINTIFF/PETITIONER:  Bank of America N.A Successor

DEFENDANT/RESPONDENT:  Katherine Miller

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br>10B04693 |
|---|---|
| | JUDGE: |
| | DEPT.:  P , 3rd Floor |

**To the court and to all parties:**

*COUT  0 0T, S,
2010*

1. Declarant *(name):* Katherine Miller

   a. ☑  is  ☑  the party  ☐  the attorney for the party  who requested or caused the stay.

   b. ☐  is  ☐  the plaintiff or petitioner  ☐  the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐  With regard to all parties.

   b. ☑  With regard to the following parties *(specify by name and party designation):*  Katherine Miller

3. Reason for the stay:

   a. ☑  Automatic stay caused by a filing in another court.  *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐  Order of a federal court or of a higher California court.  *(Attach a copy of the court order.)*

   c. ☐  Contractual arbitration under Code of Civil Procedure section 1281.4.  *(Attach a copy of the order directing arbitration.)*

   d. ☐  Arbitration of attorney fees and costs under Business and Professions Code section 6201.  *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐  Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/2/2010

Katherine Miller
(TYPE OR PRINT NAME OF DECLARANT)

▶ *(SIGNATURE)*

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650<br>www.courtinfo.ca.gov

United States Bankruptcy Court
Central District Of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 7 of the United States Bankruptcy Code,
entered on 09/02/2010 at 12:58 PM and filed on 09/02/2010.

**Katherine Miller**
1850 Olivera Dr
Agoura Hills, CA 91301
818-251-0393
SSN / ITIN: xxx-xx-0845

The bankruptcy trustee is:

**David Seror (TR)**
9401 Wilshire Blvd, 9th Floor

Beverly Hills, CA 90212
(310) 281-6361

The case was assigned case number 1:10-bk-21052-GM to Judge Geraldine Mund.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 21041 Burbank
Blvd,, Woodland Hills, CA 91367-6603.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell
Clerk, U.S. Bankruptcy
Court**

POS-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Katherine Miller<br>1850 Olivera Drive<br>Agoura Hills, CA 91301<br><br>TELEPHONE NO.: 818-251-0393          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY*<br><br>ORIGINAL FILED<br>Northwest District<br><br>SEP 02 2010<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 6230 Sylmar Ave
  MAILING ADDRESS:
  CITY AND ZIP CODE: Van Nuys  91401
  BRANCH NAME: Van Nuys Courthouse East
PETITIONER/PLAINTIFF: Bank of America N.A Successor

RESPONDENT/DEFENDANT: Katherine Miller

| | |
|---|---|
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>10B04693 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   2400 Wabash Ave. Los Angeles, CA 90032

3. On *(date):* 9/2/2010          I mailed from *(city and state):* Los Angeles,  CA
   the following documents *(specify):*
   Notice of Stay of Proceedings

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name of person served:** Naiman Law Group
   b. **Address** of person served:
      4660 La Jolla Village Dr. Suite 500 San Diego, CA 92122

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/2/2010

Raymond Martinez                                        ►
_____                    _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)    (SIGNATURE OF PERSON COMPLETING THIS FORM)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |

| United States Bankruptcy Court<br>Central District Of California | |
|---|---|
| In re:<br>Katherine Miller | CHAPTER NO.: 7 |
| | CASE NO.: 1:10–bk–21052 |

## ORDER TO COMPLY WITH BANKRUPTCY RULE 1007
## AND NOTICE OF INTENT TO DISMISS CASE

**To Debtor and Debtor's Attorney of Record,**

YOU FAILED TO FILE THE FOLLOWING DOCUMENTS:

**Schedule B
Schedule C
Schedule D
Schedule E
Schedule A
Schedule F
Statement – Form 22A
Schedule G
Schedule H
Schedule I
Schedule J
Stmt. of Fin. Affairs**

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

According to Bankruptcy Rule 1007(c), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)   File the above-referenced documents and the proper number of copies [Local Bankruptcy Rule 1002–1]:

                Chapter 7     1 Original and 1 Copy

**OR**

(2)   File and serve a motion for an order extending the time to file the required document(s). If you make such a motion and it is denied after the 14 days have expired, your case will be dismissed.

**IF YOU DO NOT COMPLY** in a timely manner with either of the above alternatives, the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE.**

**BY ORDER OF THE COURT**
Dated: September 2, 2010

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

**By: Ani Najarian**
**Deputy Clerk**

deforco – Revised 12/2009

**1 / ANG**

## United States Bankruptcy Court
## Central District Of California

In re:
Katherine Miller

CHAPTER NO.: 7

CASE NO.: 1:10-bk-21052

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**
A. You must cure the following within 14 days from filing of your petition:

☒ Statement of Related Cases required by Local Rule 1015-2.
☒ Notice of Available Chapters signed by Debtor(s). [11 U.S.C. §342(b); Local Rule 1002-1(g)]
☒ Statement of Assistance of Non-Attorney or Bankruptcy Petition Preparer. [Local Rule 1002-1(g)]
☒ Summary of Schedules (Form B6). [Local Rule 1002-1(g)]
☒ Signed Declaration Concerning Debtor's Schedules (Form B6). [Local Rule 1002-1(g)]
☒ Certificate of Credit Counseling as required by § 521(b)(1), § 109(h)(1), and F.R.B.P. 1007(b)(3), or a Certification of Exigent Circumstances under § 109(h)(3), or a request for determination by the court under § 109(h)(4).
☒ Statistical Summary of Certain Liabilities
☒ Debtor's Certification of Employment Income

B. You must file the Chapter 7 Individual Debtor's Statement of Intention [11 U.S.C. § 521] within 30 days from filing of your petition. [Local Rule 1002-1(g)]

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

For all items above you must file the original and the following number of copies [Local Bankruptcy Rule 1002-1]:

        Chapter 7    1 Original and 1 Copy

**Please return the original or copy of this form with all required items to the following location:**

        21041 Burbank Blvd, Woodland Hills, CA 91367-6603

If you have any questions, please contact the below-referenced Deputy Clerk:

Dated: September 2, 2010

KATHLEEN J. CAMPBELL, CLERK OF COURT

By: Ani Najarian
    Deputy Clerk

                                                                **1 / ANG**

ccdn - Revised 12/2009

FormCACB 105 (AO:finmgtnotice)
(10/05)

# United States Bankruptcy Court
## Central District Of California

**21041 Burbank Blvd, Woodland Hills, CA 91367-6603**

## NOTICE OF REQUIREMENT TO FILE A STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT
### (Official Form 23)

**DEBTOR(S) INFORMATION:**
Katherine Miller
SSN: xxx–xx–0845
EIN: N/A

1850 Olivera Dr
Agoura Hills, CA 91301

**BANKRUPTCY NO.** 1:10–bk–21052–GM
**CHAPTER** 7

Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge under chapter 7 (11 U.S.C. § 727). Pursuant to Rule 1007(b)(7) of the Interim Rules of Bankruptcy Procedure, the debtor(s) must complete and file Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23)* as described in 11 U.S.C. § 111.

Debtor(s) and/or debtor(s)' attorney is/are hereby notified that Official Form 23 must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that the debtor(s) must file Official Form 23 within 45 days after the first date set for the meeting of creditors under § 341. Failure to file the certification will result in the case being closed without an entry of discharge. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Official Form 23, the debtor(s) must pay the full reopening fee due for filing the motion.

This is **not** the same form as the Certificate of Credit Counseling that you may have filed at the beginning of your case. This is a **different** form. A copy of the Official Form 23 is included with this notice. Additional copies of the Official Form 23 can be obtained at www.cacb.uscourts.gov.

BY THE COURT,

Dated: September 2, 2010

**Kathleen J. Campbell**
Clerk of Court

*NOTE: Official Form 23 (Debtor's Certification of Completion of PostPetition Instructional Course Concerning Personal Financial Management) must be filed by every individual debtor in a chapter 7, chapter 11 in which § 1141(d)(3) applies, or chapter 13 case. If a joint petition is filed, each spouse must complete and file a separate certification. See Fed.R.Bank.P.1007(b).

## THE OFFICIAL FORM 23 IS ATTACHED

(Form rev. 12/08 – definmgt) VAN–105

**3 / ANG**

005742

7460**4**005747015

Form B23 (Official Form 23) – (12/08)                                    2008 USBC, Central District of California

<table>
<tr><td colspan="2" align="center">**United States Bankruptcy Court**<br>**Central District Of California**</td></tr>
<tr><td>In re:<br>Katherine Miller<br><br><div align="right">Debtor(s).</div></td><td>CHAPTER NO.: 7<br><br>CASE NO.: 1:10–bk–21052–GM</td></tr>
</table>

## DEBTOR'S CERTIFICATION OF COMPLETION
## OF POSTPETITION INSTRUCTIONAL COURSE CONCERNING
## PERSONAL FINANCIAL MANAGEMENT

*Every individual debtor in a chapter 7, chapter 11 in which § 1141(d)(3) applies, or chapter 13 case must file this certification. If a joint petition is filed, each spouse must complete and file a separate certification.   Complete one of the following statements and file by the deadline stated below:*

☐  I,_____, the debtor in the above–styled case, hereby certify that on
                       *(Print Name of Debtor)*

_____. I completed an instructional course in personal financial management provided by
            *(Date)*

_____, an approved personal financial management provider.
            *(Name of Provider)*

Certificate No. (if any): _____

☐  I,_____, the debtor in the above–styled case, hereby certify that no
          *(Printed Name of Debtor)*

personal financial management course is required because of: *[Check the appropriate box.]*

☐       Incapacity or disablility, as defined in 11 U.S.C. § 109(h);

☐       Active military duty in a military combat zone; or

☐       Residence in a district in which the United States trustee *(or bankruptcy administrator)* has determined that the approved instructional courses are not adequate at this time to serve the additional individuals who would otherwise be required to complete such courses.

Date _____        Signature of Debtor: _____

*Instructions:* Use this form only to certify whether you completed a course in personal financial management. (Fed. R. Bankr. P. 1007(b)(7).) Do NOT use this form to file the certificate given to you by your prepetition credit counseling provider and do NOT include with the petition when filing your case.

*Filing Deadlines:* In a chapter 7 case, file within 45 days of the first date set for the meeting of creditors under § 341 of the Bankruptcy Code. In a chapter 11 or 13 case, file no later than the last payment made by the debtor as required by the plan or the filing of a motion for entry of a discharge under § 1141(d)(5)(B) or § 1328(b) of the Code. (see Fed. R. Bankr. P. 1007(c).)

005742                                    74604005747024

## United States Bankruptcy Court
## Central District Of California

| | |
|---|---|
| In re:<br>Katherine Miller | CHAPTER NO.: 7 |
| | CASE NO.: 1:10–bk–21052 |

## ORDER TO COMPLY WITH BANKRUPTCY RULE 1007
## AND NOTICE OF INTENT TO DISMISS CASE

**To Debtor and Debtor's Attorney of Record,**

YOU FAILED TO FILE THE FOLLOWING DOCUMENTS:

**Schedule B**
**Schedule C**
**Schedule D**
**Schedule E**
**Schedule A**
**Schedule F**
**Statement – Form 22A**
**Schedule G**
**Schedule H**
**Schedule I**
**Schedule J**
**Stmt. of Fin. Affairs**

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

According to Bankruptcy Rule 1007(c), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)    File the above–referenced documents and the proper number of copies [Local Bankruptcy Rule 1002–1]:

            Chapter 7    1 Original and 1 Copy

**OR**

(2)    File and serve a motion for an order extending the time to file the required document(s). If you make such a motion and it is denied after the 14 days have expired, your case will be dismissed.

**IF YOU DO NOT COMPLY** in a timely manner with either of the above alternatives, the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE.**

**BY ORDER OF THE COURT**
Dated: September 2, 2010

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

**By: Ani Najarian**
**Deputy Clerk**

deforco – Revised 12/2009

**1 / ANG**

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)

| UNITED STATES BANKRUPTCY COURT | Central District Of California |
|---|---|

### Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on September 2, 2010.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 21041 Burbank Blvd, Woodland Hills, CA 91367–6603**

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| Debtor(s) (name(s) and address): Katherine Miller 1850 Olivera Dr Agoura Hills, CA 91301 | **Case Number:** 1:10–bk–21052–GM |
|---|---|
| All other names used by the Debtor(s) in the last 8 years (include married, maiden and trade names): Debtor: Joint Debtor: | Last four digits of Social Security or Individual Taxpayer–ID (ITIN) No(s)./Complete EIN: Dbt SSN: 545–92–0845 |
| Attorney for Debtor(s) (name and address): Katherine Miller 1850 Olivera Dr Agoura Hills, CA 91301 Telephone number: 818–251–0393 | Bankruptcy Trustee (name and address): David Seror (TR) 9401 Wilshire Blvd, 9th Floor Beverly Hills, CA 90212 Telephone number: (310) 281–6361 |

### Meeting of Creditors

Date:  October 1, 2010                                    Time:  01:30 PM

Location: **21051 Warner Center Lane, #105, Woodland Hills, CA 91367**

### Presumption of Abuse under 11 U.S.C. §707(b)

See *"Presumption of Abuse"* on the reverse side

Insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse. If more complete information, when filed, shows that the presumption has arisen, creditors will be notified.

### Deadlines

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts: November 30, 2010**

**Deadline to Object to Exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So

### Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office: 21041 Burbank Blvd, Woodland Hills, CA 91367–6603 Telephone number: 818–587–2900 | **For the Court:** Clerk of the Bankruptcy Court: Kathleen J. Campbell |
|---|---|
| Hours Open:  9:00 AM – 4:00 PM | Date:  September 2, 2010 |
| (Form rev. 12/09:341–B9A) | /ANG |

005742                                    7460400574 7042

## United States Bankruptcy Court
## Central District Of California

In re:

Katherine Miller

CHAPTER NO.: 7

CASE NO.: 1:10-bk-21052

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.** You must cure the following within 14 days from filing of your petition:

☒ Statement of Related Cases required by Local Rule 1015-2.
☒ Notice of Available Chapters signed by Debtor(s). [11 U.S.C. §342(b); Local Rule 1002-1(g)]
☒ Statement of Assistance of Non-Attorney or Bankruptcy Petition Preparer. [Local Rule 1002-1(g)]
☒ Summary of Schedules (Form B6). [Local Rule 1002-1(g)]
☒ Signed Declaration Concerning Debtor's Schedules (Form B6). [Local Rule 1002-1(g)]
☒ Certificate of Credit Counseling as required by § 521(b)(1), § 109(h)(1), and F.R.B.P. 1007(b)(3), or a Certification of Exigent Circumstances under § 109(h)(3), or a request for determination by the court under § 109(h)(4).
☒ Statistical Summary of Certain Liabilities
☒ Debtor's Certification of Employment Income

**B.** You must file the Chapter 7 Individual Debtor's Statement of Intention [11 U.S.C. § 521] within 30 days from filing of your petition. [Local Rule 1002-1(g)]

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

For all items above you must file the original and the following number of copies [Local Bankruptcy Rule 1002-1]:

      Chapter 7    1 Original and 1 Copy

**Please return the original or copy of this form with all required items to the following location:**

      21041 Burbank Blvd, Woodland Hills, CA 91367-6603

If you have any questions, please contact the below-referenced Deputy Clerk.

Dated:12, 2010
Dated: September 2, 2010

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

**By: Ani Najarian**
    **Deputy Clerk**

ccdn – Revised 12/2009

**1 / ANG**

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX numbers, and California State Bar Number<br>Randall D. Naiman, Esq. (#81048)<br>Naiman Law Group, PC<br>4660 La Jolla Village Drive<br>Suite 500<br>San Diego, CA 92122<br>(858) 535-4808          (858) 535-4809<br>☐ Individual appearing without counsel<br>☒ Attorney for:   BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST | FOR COURT USE ONLY<br>*Kathy Osher Judge issued*<br>*tentative ruling*<br>*saying not necessary*<br>*to appear at hearing +*<br>*no appearance + grant motion* |

<table>
<tr><td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td></tr>
<tr><td>In re:<br>Katherine Miller<br><br>*Dismissed<br>no order in motion*<br><br>Debtor(s).</td><td>CHAPTER:  7<br><br>CASE NO.:  1:10-bk-21052-GM<br><br>DATE:  September 23, 2010<br>TIME:  9:30 a.m.<br>CTRM:  303<br>FLOOR:  3rd</td></tr>
</table>

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations)

### (MOVANT: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST)

### (Unlawful Detainer)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or for an order confirming that the automatic stay does not apply as to Debtor(s) and Debtor's(s) bankruptcy estate on the grounds set forth in the attached Motion.

    ☐ NOTICE IS ALSO GIVEN to the Trustee as an additional responding Party, because the Motion relates to a nonresidential property.

2.  **Hearing Location:**   ☐ 255 East Temple Street, Los Angeles         ☐ 411 West Fourth Street, Santa Ana
    ☒ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
    ☐ 3420 Twelfth Street, Riverside

3.  a.  ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

    b.  ☒ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

        ☒ at the hearing    ☐ at least _____ court day before the hearing.

    (1) ☒ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

    (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                    **F 4001-1M.UD**

| In re<br>Katherine Miller | (SHORT TITLE) | CHAPTER: 7<br>CASE NO.: 1:10-bk-21052-GM |
|---|---|---|
| | Debtor(s). | |

4. You may contact the Bankruptcy Clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: **9/15/10**

<u>Naiman Law Group, PC</u>
*Print Law Firm Name (if applicable)*

<u>Randall D. Naiman, Esq.</u>
*Print Name of Individual Movant or Attorney for Movant*

<u>/s/ Randall D. Naiman</u>
*Signature of Individual Movant or Attorney for Movant*

Motion for Relief from Stay (Unlawful Detainer) - *Page 3 of ___*    **F 4001-1M.UD**

| In re<br>**Katherine Miller** | (SHORT TITLE) | CHAPTER:  7<br>CASE NO.:  1:10-bk-21052-GM |
|---|---|---|
| | Debtor(s). | |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (Unlawful Detainer)
### (MOVANT: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST)

1. **The Property at issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):
   *Street Address:*  1850 Olivera Drive
   *Apartment/Suite no.:*
   *City, State, Zip Code:*  Agoura Hills, CA 91301

   **The Property is :**  ☒ Residential    ☐ Nonresidential

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary  petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on *(specify date):* August 2, 2010

   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on *(specify date):*

   c. ☐ Plan was confirmed on *(specify date):*
   d. ☐ Other bankruptcy cases of the Debtor were pending within the year ending on the petition date. See Attached Declaration.
   e. ☐ Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date.  See attached Declaration.

3. **Grounds for Relief from Stay:** *(Check all that apply)*
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:
      (1) ☐ An unlawful detainer judgment in favor or Movant was entered prepetition.
         A. ☐ The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1)
         B. ☐ The debtor or adult dependent of the debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.
         C. ☐ The debtor or adult dependent of the debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.
         D. ☐ The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above.  A copy of the objection is attached hereto as Exhibit ____ .  A hearing on this objection is set for _____ .
      (2) ☒ An unlawful detainer proceeding was commenced prepetition.
      (3) ☒ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.
      (4) ☐ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.
      (5) ☐ The lease or other right of occupancy has expired by its terms prepetition.
      (6) ☐ The lease has been rejected or deemed rejected by operation of law.
      (7) ☐ Lease payments have not been made since the filing of the petition.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 4 of ___*                    **F 4001-1M.UD**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Katherine Miller | | CASE NO.: 1:10-bk-21052-GM |
| | Debtor(s). | |

(8) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property **or** because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substance on the property. A copy of Movant's certification is attached as Exhibit _____ . Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit _____ . A hearing on this objection is set for _____ .

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2))A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

   (1) ☒ Movant is the only creditor or one of the very few creditors listed on the mater mailing matrix.

   (2) ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

   (3) ☒ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

4. **Evidence in Support of Motion:**   *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

   ☒ Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

   ☐ Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following** *(specify forms of relief requested)*:

1. ☒ Termination of the stay to allow Movant (and any successors and assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☐ An order confirming that the automatic stay does not apply.

4. ☐ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

   a. Establishment of a deadline for assumption or rejection of the lease.

   b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                        **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 5 of ___*          **F 4001-1M.UD**

| In re<br>Katherine Miller | (SHORT TITLE) | CHAPTER: 7<br>CASE NO.: 1:10-bk-21052-GM |
|---|---|---|
| | Debtor(s). | |

5.   Additional provisions requested:

a.   ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

b.   ☐ Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.

c.   ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

d.   ☐ That Extraordinary Relief be granted as set forth in the Attachment (*attach Optional Court Form F 4001-1M.ER*).

e.   ☐ For other relief requested, see attached continuation page.

Dated:   9/15/10

Respectfully submitted,

**BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST**
*Movant Name*

**Naiman Law Group, PC**
*Firm Name of Attorney for Movant (if applicable)*

By:  */s/ Randall D. Naiman*
      *Signature*

Name:  **Randall D. Naiman, Esq.**
          *Typed Name of Individual Movant or Attorney for Movant*

*December 2009*                                                          **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 6 of ___*

**F 4001-1M.UD**

| In re<br>Katherine Miller | (SHORT TITLE) | CHAPTER: 7<br>CASE NO.: 1:10-bk-21052-GM |
|---|---|---|
| | Debtor(s). | |

## UNLAWFUL DETAINER DECLARATION

### (MOVANT: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST)

I, <u>Yolanda Medina</u>_____, declare as follows:
*(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the residential or nonresidential real property that is the subject of this Motion ("Property") because:

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☐ I am employed by Movant as *(state title and capacity)*:

    ☒ Other *(specify)*: I am an Eviction Specialist for Chase Home Finance, LLC ("Chase"). Chase acts as a servicing agent (i.e., managing agent) for Movant with respect to the subject Property.

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3.  The address of the Property that is the subject of this Motion is:

    *Street Address:* 1850 Olivera Drive
    *Apartment/Suite no.:*
    *City, State, Zip Code:* Agoura Hills, CA 91301

4.  Movant is the legal owner of the Property, or the owner's legally authorized agent. A true and correct copy of the Trustee's Deed Upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit <u>A</u>. A True and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as Exhibit ____.

5.  The Property is: ☒ residential property     ☐ nonresidential property

    a.  Debtor(s) occupies the property                    ☐ pursuant to a lease that is in default
        ☐ on a month-to-month tenancy              ☐ other (specify):
        ☒ after a foreclosure sale on: <u>12/16/09</u>

    b.  ☐ Debtor(s) has/have failed to pay the monthly rent of $ _____ since the following date (specify date):

    c.  ☐ In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following (*See attached continuation page for itemization*):

        (1) ☐  Common area maintenance charges
        (2) ☐  Property taxes
        (3) ☐  For additional obligations, see attached continuation page.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page   of __*    **F 4001-1M.UD**

| In re<br>**Katherine Miller** | (SHORT TITLE) | CHAPTER:  7 |
| | Debtor(s). | CASE NO.:  1:10-bk-21052-GM |

6. Debtor's(s') bankruptcy petition in this case was filed on *(specify date):* September 2, 2010

7. Procedural status *(indicate all that apply, and provide dates for completed steps):*

   a. ☒ Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date):* January 7, 2010
      A true and correct copy of which is attached hereto as Exhibit B

   b. ☒ Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following:

      (1) ☒ Movant filed a Complaint for Unlawful Detainer against the Debtor(s) on *(specify date):* July 30, 2010
         A true and correct copy of which is attached as Exhibit C.

      (2) ☐ Trial was held on *(specify date):*

      (3) ☐ An Unlawful Detainer Judgment against the Debtor(s) was entered on the Complaint for Unlawful Detainer on *(specify date):* _____ , a true and correct copy of which is attached as Exhibit __ .

      (4) ☐ A Writ of Possession for the Property was issued by the state court on *(specify date):* _____, a true and correct copy of which is attached as Exhibit __ .

      (5) ☐ The Debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362 (l) (1).

      (6) ☐ The Debtor or adult dependent of Debtor has not deposited with the Clerk any ret that would become due during the 30-Day period after the filing of the petition.

      (7) ☐ The Debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362 (l)(2) that the entire monetary default that gave rise to the judgment has been cured.

      (8) ☐ Movant has filed and served an objection to Debtor's certification referenced in paragraph (5) and/or (7) above, a copy of which is attached hereto as Exhibit _____ . A hearing on this objection is set for : _____ .

      (9) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property **or** because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substance on the property. A copy of Movant's certification is attached as Exhibit _____ . Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for _____ .

   c. ☐ The lease was rejected on _____ *(date):*

      (1) ☐ by operation of law.

      (2) ☐ by Order of the Court.

   d. ☐ The regular lease payments have not been made since the filing of the petition.

8. ☒ Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The property is not necessary to an effective reorganization because *(specify):*

   a. ☐ The Property is residential and is not producing income for the Debtor(s).

   b. ☐ The Property is commercial, but no reorganization is reasonably in prospect.

   c. ☒ Other *(specify):* Debtor has no legal or equitable interest in the property.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page* □ *of* ___    **F 4001-1M.UD**

| In re<br>**Katherine Miller** | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER:  7<br>CASE NO.:  1:10-bk-21052-GM |
|---|---|---|

10. ☒  The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
    a.  ☒  Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
    b.  ☐  Other bankruptcy cases have been filed asserting an interest in the same property.
    c.  ☒  The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.
    d.  ☒  Other (*specify*): to delay in the eviction of Debtor from the Property.

11. ☐  Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:

    a.  Case Name:
          Case Number:                 Chapter:
          Date Filed:                    Date Dismissed:

          Relief from stay re this Property   ☐  was   ☐  was not  granted.

    b.  Case Name:
          Case Number:                 Chapter:
          Date Filed:                    Date Dismissed:

          Relief from stay re this Property   ☐  was   ☐  was not  granted.

    c.  ☐  See attached continuation page for more information about other cases.

12. ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.

    a.  ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.  ☐  Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.

    c.  ☐  For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** September 15 ___, **2010, at** San Diego, CA ___ (*city, state*).

Yolanda Medina ___
*Print Declarant's Name*

Yolanda Medina

*December 2009*                                                         **F 4001-1M.UD**

# EXHIBIT A

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

This page is part of your document - DO NOT DISCARD



## 20091975469

**Pages: 0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/29/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 12.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 12.00 |



**LEADSHEET**



200912290130004

00001707664



002464957

**SEQ:
08**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T97



Recording Requested By
**ServiceLink**
WHEN RECORDED MAIL TO

California Reconveyance Company
PO Box 6200
Northridge, CA 91328-6200

MAIL TAX STATEMENTS TO

Washington Mutual Bank
7255 Baymeadows Way
Jacksonville, FL 32256
Mail Stop: JAXB2007

Space above this line for recorder's use only

Trustee Sale No. 438263CA   Loan No. 3011398694   Title Order No. 191179

# TRUSTEE'S DEED UPON SALE

APN 4462-007-033   T.R.A. No.
The undersigned grantor declares:
1)   The Grantee herein <u>was</u> the foreclosing beneficiary.
2)   The amount of the unpaid debt together with costs was ................$1,103,600.13
3)   The amount paid by the grantee at the trustee sale was................$1,103,600.13
4)   The documentary transfer tax is.......................................................$0
5)   Said property is in AGOURA HILLS
and CALIFORNIA RECONVEYANCE COMPANY (herein called Trustee), as the duly appointed Trustee or substituted Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA2 Trust (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of LOS ANGELES, State of California, described as follows: PARCEL 4 OF PARCEL MAP NO. 5430, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED MARCH 25, 1977 IN BOOK 77 PAGE 77 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

**Situs:** 1850 OLIVERA DR., , AGOURA HILLS, CA 91301
RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 12/07/2006 and executed by KATHERINE MILLER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, as Trustor, and Recorded 12/14/2006, Book , Page , Instrument 06 2778756 of official records of LOS ANGELES County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 12/16/2009. Grantee, being the

Trustee Sale No.: 438263CA Loan No.: 3011398694 Title Order No.: 191179

highest bidder at said sale, became the purchaser of said property for the amount bid being $1,103,600.13 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

DATE: December 22, 2009

CALIFORNIA RECONVEYANCE COMPANY, as Trustee

Karime Arias, Assistant Secretary

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On December 22, 2009, before me, FRED RESTREPO , "Notary Public", personally appeared KARIME ARIAS , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

FRED RESTREPO
Commission # 1848173
Notary Public - California
Los Angeles County
My Comm. Expires May 8, 2013

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

# EXHIBIT B

# NOTICE TO VACATE

TO:        Katherine Miller and all tenants, subtenants, and others in possession

ADDRESS:   1850 OLIVERA DRIVE, AGOURA HILLS, CA 91301

The above-referenced real property ("Property") was sold at a foreclosure sale in accordance with section 2924 of the California <u>Civil Code</u> under a power of sale contained in a deed of trust securing said Property, and title under the sale has been duly perfected. The new owner seeks to recover possession of the Property in good faith to market and sell the Property.

Within **three (3) days** after service of this notice, you are hereby required to vacate and deliver possession of the Property now held and occupied by you to the undersigned <u>unless</u> you are a tenant or subtenant who rented the Property before the foreclosure sale.

If you are a tenant or subtenant who rented the Property before the foreclosure sale, then you must vacate the Property within **ninety (90) days** after service of this notice <u>unless</u> you are tenant who entered into a bona fide lease prior to the notice of foreclosure in which case you must vacate the Property at the end of the remaining current term of the bona fide lease or ninety days after service of this notice, whichever occurs later.

A lease is considered bona fide only if all of the following conditions exist: (1) you are not the mortgagor or the child, spouse, or parent of the mortgagor; (2) your lease was the result of an arms-length transaction; and (3) the lease requires the receipt of rent that (i) is not substantially less than fair market rent for the Property or (ii) the Property's rent is reduced or subsidized due to a federal, state or local subsidy.

If you claim to be a tenant or subtenant, within three days after service of this notice, please notify the undersigned in writing of your tenancy and provide the undersigned with the following information: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement, please provide a written explanation of the terms of the agreement under which you occupy the Property, including without limitation, the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of monthly rent, the utilities paid by the landlord (if any), the amount of your security deposit (if any), and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) a list of any conditions at the Property that require repair; and (d) whether you are the child, spouse, or parent of the mortgagor.

If you are a tenant who rented the Property before the foreclosure sale, you have a right to request that the new owner or its authorized agent make an initial inspection of the Property to determine its condition before you vacate, and you have the right to be present during the inspection. The purpose of the inspection is to allow you an opportunity to remedy identified deficiencies or damage to the Property, if any, caused by you. If you wish to have such an inspection, please contact the undersigned as soon as possible. If you request an inspection, you

will be given 48 hours advance notice of the inspection, but you may waive in writing the required 48 hours notice and have the inspection done sooner.

This notice is intended as a notice to quit pursuant to California <u>Code of Civil Procedure</u> sections 1161a and 1161b. This notice is also intended as a notice of termination/non-renewal of tenancy as to any tenancies that survived the foreclosure sale.

NAIMAN LAW GROUP
Professional Corporation

DATED: January 5, 2010

By: Randall D. Naiman, Esq.
Attorneys for the new owner: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST
4660 La Jolla Village Drive, Suite 500
San Diego, CA 92122
Telephone: (858) 535-4808
Facsimile: (858) 535-4805

<u>For information regarding this notice, please call (858) 535-4806.</u>

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: (858)535-4808 | | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| Naiman Law Group 4660 La Jolla Village Drive 500 San Diego     CA          92122 Attorney For: PLAINTIFF | | | Reference Number: 2871325               49686 | | |
| Plaintiff/Petitioner: | Bank of America, National | | | | |
| Defendant/Respondent: | Katherine Miller, et al. | | | | |

| PROOF OF SERVICE "FILE BY FAX" | Hearing Date: | Time: | Dept./Div.: | Case Number: NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Notice to Vacate

On the following tenant(s): Katherine Miller

Address:    1850 Olivera Drive
            Agoura Hills, CA 91301

Date and Time of Posting:  1/7/2010 at 07:45am.

BY POSTING a copy for each above-named tenant in a conspicious place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant(s) AND MAILING by first-class mail on said date a copy to each tenant by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named tenant(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving  (name, address, and telephone No.):

## Attorney Service of San Dimas
### 142 East Bonita Avenue, #51
### San Dimas, CA 91773
### (909)394-1202  Fax (909)394-1204

Fee for service: $   $45.00
George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.:  6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   1/12/2010

_____
(Signature)

Judicial Council form POS-010                 **Proof of Service**              Code Civil Procedure 417.10(f)

| Attorney of Party Without Attorney (Name and Address) | | | | Telephone No: | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| Naiman Law Group<br>4660 La Jolla Village Drive<br>San Diego<br>Attorney For: PLAINTIFF | | 500 | | (858)535-4808 | |
| | | CA | 92122 | Reference Number:<br>2871326          49586 | |

| Plaintiff/Petitioner: | Bank of America, National | | | | |
|---|---|---|---|---|---|
| Defendant/Respondent: | Katherine Miller, et al. | | | | |

| PROOF OF SERVICE<br>"FILE BY FAX" | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Notice to Vacate

On the following tenant(s): All Occupants in Care of Named Tenant, Katherine Miller

Address:   1850 Olivera Drive
           Agoura Hills, CA 91301

Date and Time of Posting:  1/7/2010 at 07:45am.

BY POSTING a copy for each above-named tenant in a conspicious place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant(s) AND MAILING by first-class mail on said date a copy to each tenant by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named tenant(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

## Attorney Service of San Dimas
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $  $0.00

George Rodriguez

Registered California Process Server:

(i) Independent Contractor
(ii) Registration No.: 6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  1/12/2010

_____
(Signature)

# EXHIBIT C

**SUM-130**

# SUMMONS
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KATHERINE MILLER, and DOES 1 to 6, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Additional Parties Attachment form is attached

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
Northwest District

JUL 3 0 2010

LOS ANGELES
SUPERIOR COURT

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| 1. The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>6230 Sylmar Avenue<br>Van Nuys, California 91401<br>VAN NUYS COURTHOUSE EAST | CASE NUMBER:<br>*(Número de caso):*<br>10B04693 |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randall D. Naiman, Esq. (#81048)            (858) 535-4808
Naiman Law Group, PC                        (858) 535-4809
4660 La Jolla Village Drive, Suite 500
San Diego, CA 92122

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

| Date: *(Fecha)* JUL 3 0 2010 JOHN A. CLARKE | Clerk, by *(Secretario)* T. Menefee | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)            [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-130 [Rev. July 1, 2009] | SUMMONS—UNLAWFUL DETAINER—EVICTION | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 415.456, 1167 |

1  Randall D. Naiman, Esq. - State Bar No. 81048
   NAIMAN LAW GROUP,
2  Professional Corporation
   4660 La Jolla Village Drive, Suite 500
3  San Diego, California 92122
   (858) 535-4808 (telephone)
4  (858) 535-4809 (facsimile)

ORIGINAL FILED
Northwest District

JUL 3 0 2010

LOS ANGELES
SUPERIOR COURT

5  Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS
   SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU**
6  **MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST**

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9                         VAN NUYS COURTHOUSE EAST

10

11  BANK OF AMERICA, NATIONAL            )  Case No.: ~~10B...06~~   1 0 B 0 4 6 9 3
    ASSOCIATION AS SUCCESSOR BY          )
12  MERGER TO LASALLE BANK NA AS         )  **LIMITED CIVIL CASE**
    TRUSTEE FOR WAMU MORTGAGE            )
13  PASS-THROUGH CERTIFICATES            )  **COMPLAINT FOR UNLAWFUL
    SERIES 2007-OA2 TRUST                )  DETAINER**
14                                       )
15              Plaintiff,               )  **AMOUNT DEMANDED DOES NOT
                                         )  EXCEED $10,000.00**
16      vs.                              )
                                         )  **(Post-Foreclosure)**
17                                       )
    KATHERINE MILLER; and DOES 1 to 6,   )
18  inclusive                            )
                                         )
19              Defendants.              )
                                         )
20

21

22      Plaintiff alleges:

23      1.    This court is the proper court for this action because:

24      a.    Each Defendant resides and/or conducts business in the area served by this

25  Court;

26      b.    The real property which is the subject of this action **1850 Olivera Drive,**

27  **Agoura Hills, CA 91301**, (hereinafter "the Property"), is located in the area served by this

28  Court; and

        c.    The amount of damages claimed in this action does not exceed $10,000.00.

                              Complaint For Unlawful Detainer

2.    Plaintiff is informed and believes and thereon alleges that Defendant(s) Katherine Miller (hereinafter "Defendant(s)") at all times herein mentioned are currently residents of County of Los Angeles, State of California, and reside within the jurisdictional boundaries of this Court.

3.    The true names and capacities of Does 1 through 6, inclusive, are presently unknown to Plaintiff, who therefore sues such Defendant(s) under such fictitious names pursuant to Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and on such information and belief, alleges that each such "Doe" Defendant is in possession of the Property, without the permission or consent of Plaintiff, and Plaintiff will amend this complaint to state the true names and capacities of said Defendant(s) when the same have been ascertained.

4.    Plaintiff is informed and believes, and thereon alleges that the Defendant(s) and each of them, are, and at all times mentioned herein were, the agent, servant and employee of each of the other Defendant(s), and in doing the things herein alleged, were acting within the course and scope of said agency and employment.

5.    Plaintiff is the owner of and entitled to immediate possession of the Property. Defendant, and each of them, are and remain in possession of the Property.

6.    On or about December 16, 2009, the Property was sold to Plaintiff at a trustee's sale following foreclosure proceedings. Said foreclosure and all notices preceding said foreclosure were done in compliance with Section 2924 et. seq. of the California Civil Code, under power of sale contained in a deed of trust executed by Katherine Miller, a married woman as her sole and separate property, and title under the sale was duly perfected in Plaintiff.

7.    On January 7, 2010, in the manner required by law, Defendant(s), and each of them, were served with a written ninety-day notice to vacate and deliver up possession of the Property to Plaintiff (hereafter, the "Notice"). A true and correct copy of the Notice and Proof of Service thereof are attached to this complaint collectively as Exhibit "A", and incorporated herein by this reference.

2

8.    More than ninety (90) days have elapsed since the service of the Notice, but Defendant(s), and each of them, have failed and refused to deliver up possession of the Property to Plaintiff.

9.    Defendant(s) continue in possession of the Property without Plaintiff's permission or consent.

10.    On information and belief, Defendant(s) are not tenants under a bona fide lease for the Property with a remaining term that expires more than ninety (90) days after service of the Notice.

11.    The reasonable rental value of the use and occupancy of the Property is at least $50.00 per day, and damages to Plaintiff caused by Defendant(s)' unlawful detention thereof has accrued at said rate since April 8, 2010, and will continue to accrue at said rate so long as Defendant(s) remain in possession of the Property.

WHEREFORE, Plaintiff prays judgment against Defendant(s) as follows:

1.    For restitution of the Property;

2.    For damages in the amount of at least $50.00 per day from April 8, 2010, through the date of entry of judgment;

3.    For costs of suit incurred herein; and,

4.    For such other and further relief as the court may deem just and proper.

Dated: July 28, 2010

**NAIMAN LAW GROUP,**
**Professional Corporation**

By: _____

Randall D. Naiman
Attorney for Plaintiff **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST**

3

1

VERIFICATION

2

I, the undersigned, say:

3   That I am the attorney for Plaintiff in this action; the Plaintiff is absent from the

4   County of San Diego, California, where I have my office, or the Plaintiff is otherwise

5   unable to verify this pleading, and I make this verification for and on behalf of the party for

6   that reason; I have read the above complaint for unlawful detainer and know its contents;

7   I am informed and believe, and on that ground, allege that the matters stated in it are true.

8   I declare under penalty of perjury that the foregoing is true and correct.

9   Executed July 28, 2010, at San Diego, California.

10

11   **NAIMAN LAW GROUP**
     **Professional Corporation**

12

13   By: _____

14   Randall D. Naiman, Esq.
     Attorney for Plaintiff **BANK OF AMERICA,**
15   **NATIONAL ASSOCIATION AS SUCCESSOR**
     **BY MERGER TO LASALLE BANK NA AS**
16   **TRUSTEE FOR WAMU MORTGAGE PASS-**
     **THROUGH CERTIFICATES SERIES 2007-OA2**
17   **TRUST**

18

19

20

21

22

23

24

25

26

27

28

# NOTICE TO VACATE

TO:        Katherine Miller and all tenants, subtenants, and others in possession

ADDRESS:   1850 OLIVERA DRIVE, AGOURA HILLS, CA 91301

The above-referenced real property ("Property") was sold at a foreclosure sale in accordance with section 2924 of the California <u>Civil Code</u> under a power of sale contained in a deed of trust securing said Property, and title under the sale has been duly perfected. The new owner seeks to recover possession of the Property in good faith to market and sell the Property.

Within **three (3) days** after service of this notice, you are hereby required to vacate and deliver possession of the Property now held and occupied by you to the undersigned <u>unless</u> you are a tenant or subtenant who rented the Property before the foreclosure sale.

If you are a tenant or subtenant who rented the Property before the foreclosure sale, then you must vacate the Property within **ninety (90) days** after service of this notice <u>unless</u> you are tenant who entered into a bona fide lease prior to the notice of foreclosure in which case you must vacate the Property at the end of the remaining current term of the bona fide lease or ninety days after service of this notice, whichever occurs later.

A lease is considered bona fide only if all of the following conditions exist: (1) you are not the mortgagor or the child, spouse, or parent of the mortgagor; (2) your lease was the result of an arms-length transaction; and (3) the lease requires the receipt of rent that (i) is not substantially less than fair market rent for the Property or (ii) the Property's rent is reduced or subsidized due to a federal, state or local subsidy.

If you claim to be a tenant or subtenant, within three days after service of this notice, please notify the undersigned in writing of your tenancy and provide the undersigned with the following information: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement, please provide a written explanation of the terms of the agreement under which you occupy the Property, including without limitation, the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of monthly rent, the utilities paid by the landlord (if any), the amount of your security deposit (if any), and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) a list of any conditions at the Property that require repair; and (d) whether you are the child, spouse, or parent of the mortgagor.

If you are a tenant who rented the Property before the foreclosure sale, you have a right to request that the new owner or its authorized agent make an initial inspection of the Property to determine its condition before you vacate, and you have the right to be present during the inspection. The purpose of the inspection is to allow you an opportunity to remedy identified deficiencies or damage to the Property, if any, caused by you. If you wish to have such an inspection, please contact the undersigned as soon as possible. If you request an inspection, you

EXHIBIT A

will be given 48 hours advance notice of the inspection, but you may waive in writing the required 48 hours notice and have the inspection done sooner.

This notice is intended as a notice to quit pursuant to California <u>Code of Civil Procedure</u> sections 1161a and 1161b. This notice is also intended as a notice of termination/non-renewal of tenancy as to any tenancies that survived the foreclosure sale.

NAIMAN LAW GROUP
Professional Corporation

DATED: January 5, 2010

By: Randall D. Naiman, Esq.
Attorneys for the new owner: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 TRUST
4660 La Jolla Village Drive, Suite 500
San Diego, CA 92122
Telephone: (858) 535-4808
Facsimile: (858) 535-4805

<u>For information regarding this notice, please call (858) 535-4806.</u>

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: | FOR COURT USE ONLY |
|---|---|---|---|---|
| Naiman Law Group<br>4660 La Jolla Village Drive<br>San Diego              CA       500        92122<br>Attorney For:PLAINTIFF | | | (858)535-4808<br><br>Reference Number:<br>2671325              49586 | |

| Plaintiff/Petitioner: | Bank of America, National | | | |
|---|---|---|---|---|
| Defendant/Respondent: | Katherine Miller, et al. | | | |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br><br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Notice to Vacate

On the following tenant(s): Katherine Miller

Address:   1850 Olivera Drive
           Agoura Hills, CA 91301

Date and Time of Posting:  1/7/2010 at 07:45am.

BY POSTING a copy for each above-named tenant in a conspicious place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant(s) AND MAILING by first-class mail on said date a copy to each tenant by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named tenant(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

### Attorney Service of San Dimas
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $  $45.00

George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.: 6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  1/12/2010

_____
(Signature)

| Attorney or Party Without Attorney (Name and Address) | | | Telephone No: | FOR COURT USE ONLY |
|---|---|---|---|---|
| Naiman Law Group<br>4660 La Jolla Village Drive | | 500 | (858)535-4808 | |
| San Diego | CA | 92122 | Reference Number: | |
| Attorney For:PLAINTIFF | | | 2671326        49586 | |

| Plaintiff/Petitioner: | Bank of America, National |
|---|---|
| Defendant/Respondent: | Katherine Miller, et al. |

| **PROOF OF SERVICE**<br>**"FILE BY FAX"** | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Notice to Vacate

On the following tenant(s): All Occupants in Care of Named Tenant, Katherine Miller

Address:   1850 Olivera Drive
           Agoura Hills, CA 91301

Date and Time of Posting: 1/7/2010 at 07:45am.

BY POSTING a copy for each above-named tenant in a conspicious place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant(s) AND MAILING by first-class mail on said date a copy to each tenant by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named tenant(s) at the place where the property is situated.

**FILE BY FAX PER CRC 2.303**

7. Person Serving (name, address, and telephone No.):

## Attorney Service of San Dimas
### 142 East Bonita Avenue, #51
### San Dimas, CA 91773
#### (909)394-1202 Fax (909)394-1204

Fee for service: $  $0.00

George Rodriguez
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.: 6197
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  1/12/2010

_____
(Signature)

| In re<br>Katherine Miller | (SHORT TITLE) | | CHAPTER:  7<br>CASE NO.:  1:10-bk-21052-GM |
|---|---|---|---|
| | | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4660 La Jolla Village Drive, Ste. 500
San Diego, CA 92122**

A true and correct copy of the foregoing document described <u>Notice of Motion and Motion for Relief from the Automatic
Stay or for Order Confirming that the Automatic Stay Does Not Apply Under 11 U.S.C. Section 362(1) (with
supporting declarations); Declaration of Krystina Reale Re: Telephonic Notice of Hearing on Motion for Relief from
Stay</u>   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)**
in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the
document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es)
indicated below:

☐ Service information continued on attached page

**II.  SERVED BY OVERNIGHT DELIVERY** (indicate method for each person or entity served):
On <u>9/15/10</u>_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first
class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a
declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed
no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/15/10 | Krystina Reale | /s/ Krystina Reale |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re<br>Katherine Miller | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| | | Debtor(s). | CASE NO.: 1:10-bk-21052-GM |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**Served by Overnight Delivery:**

*Debtor*
**Katherine Miller**
1850 Olivera Drive
Agoura Hills, CA 91301

*Trustee*
**David Seror**
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

*U.S. Trustee*
**United States Trustee (SV)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

*Judge:*
**Honorable Geraldine Mund**
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

1  Randall D. Naiman, Esq. – State Bar No. 81048
   NAIMAN LAW GROUP
2  A Professional Corporation
   4660 La Jolla Village Drive, Suite 500
3  San Diego, California 92122
   (858) 535-4808 (Telephone)
4  (858) 535-4809 (Facsimile)

5  Attorney for Movant, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY**
   **MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-**
6  **THROUGH CERTIFICATES SERIES 2007-OA2 TRUST**

7

8                       **UNITED STATES BANKRUPTCY COURT**

9

10        **CENTRAL DISTRICT OF CALIFORNIA- WOODLAND HILLS DIVISION**

11

12  KATHERINE MILLER,                          ) Case No.: 1:10-bk-21052-GM
                                               )
13              Debtor.                        ) Chapter 7 (Voluntary)
                                               )
14  _____         )
    BANK OF AMERICA, NATIONAL                  ) **DECLARATION OF KRYSTINA REALE**
15  ASSOCIATION AS SUCCESSOR BY                ) **RE: TELEPHONIC NOTICE OF HEARING**
    MERGER TO LASALLE BANK NA AS               ) **ON MOTION FOR RELIEF FROM STAY**
16  TRUSTEE FOR WAMU MORTGAGE                  )
    PASS-THROUGH CERTIFICATES SERIES           )
17  2007-OA2 TRUST,                            )
                                               ) **HEARING DATE:**
18              Movant,                        ) DATE:   September 23, 2010
                                               ) TIME:    9:30 a.m.
19      vs.                                    ) CTRM:  303
                                               )
20  KATHERINE MILLER, Debtor; David Seror,     )
    Trustee,                                   )
21              Respondents.                   )
                                               )
22                                             )
                                               )
23  _____         )

24              I, KRYSTINA REALE, declare

25              1.      I am a paralegal employed by the law firm of Naiman Law Group, PC, in

26  the Country of San Diego, State of California. I am over the age of eighteen and not a part to

27  the within action; my business address is: 4660 La Jolla Village Drive, Suite 500, San Diego,

28  CA 92122. I have first hand personal knowledge of the facts set forth below and if called upon

1  to testify, I could and would do so competently and truthfully.

2      2.    On September 15, 2010, I served the following documents described as:

3      -    **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE**

4      **AUTOMATIC STAY;**

5      -    **DECLARATION OF KRYSTINA REALE RE: TELEPHONIC NOTICE OF**

6      **HEARING ON MOTION FOR RELIEF FROM STAY**

7  on the interested parties in this action by enclosing the documents in an envelope or package

8  provided by an overnight delivery carrier and addressed to the persons at the addresses

9  below. I placed the envelope or package for collection and overnight delivery at an office or a

10  regularly utilized drop box of the overnight delivery carrier.

11

| **DEBTOR:** | **CHAPTER 7 TRUSTEE** |
|---|---|
| **Katherine Miller** | **David Seror** |
| 1850 Olivera Drive | 9401 Wilshire Blvd, 9th Floor |
| Agoura Hills, CA 91301 | Beverly Hills, CA 90212 |

14      3.    On September 15, 2010, I gave telephonic notice to Debtor,

15  KATHERINE MILLER at 818-251-393 at approximately 10:05 a.m. I left a message on her

16  voicemail advising her that Movant will bring on for hearing its Motion for Relief from the

17  Automatic Stay on September 23, 2010 at 9:30 a.m. at the above-entitled Court located

18  21041 Burbank Boulevard, Woodland Hills, California. Furthermore, opposition, if any, is due

19  at the time of the hearing. I further stated that our office would be mailing a copy of the

20  Motion for Relief from the Automatic Stay via overnight delivery service.

21      4.    On September 15, 2010, I gave telephonic notice to Chapter 7 Trustee,

22  DAVID SEROR at 310-281-6361 at approximately 10:10 a.m. I left a message on his office

23  voicemail, advising him that Movant will bring on for hearing its Motion for Relief from the

24  Automatic Stay on September 23, 2010 at 9:30 a.m. at the above-entitled Court located

25  21041 Burbank Boulevard, Woodland Hills, California. Furthermore, opposition, if any, is due

26  at the time of the hearing. I further stated that our office would be mailing a copy of the

27  Motion for Relief from the Automatic Stay via overnight delivery service.

28  ///

1    I declare under penalty of perjury that the foregoing is true and correct and this

2   Declaration is executed on September 15, 2010 at San Diego California.

3                           /s/ Krystina Reale
                            Krystina Reale
4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV10- 7417 JFW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.