Randall D. Naiman, Esq. - State Bar No. 81048
NAIMAN LAW GROUP, PC
4660 La Jolla Village Drive, Suite 500
San Diego, California 92122
(858) 535-4808 (telephone)
(858) 535-4809 (facsimile)
Randall@NaimanLaw.com (e-mail)

Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2,<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE MILLER; and DOES 1 to 6, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-07417-JFW-JC<br><br>State Case No.: 10B04693<br><br>***The Honorable John F. Walter***<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 22, 2010<br>Time: 1:30 p.m.<br>Courtroom: 16 |

   Plaintiff and Movant herein, BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2 ("Plaintiff"), submits the following Memorandum of Points and Authorities in Support of its Motion to Remand.

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a residential unlawful detainer action following a non-judicial foreclosure sale.

On December 16, 2009, Plaintiff purchased the subject residential real property located at 1850 Olivera Drive, Agoura Hills, CA 91301 ("Property") at a non-judicial foreclosure sale held in accordance with California Civil Code section 2924 et. seq. under a power of sale contained in a Deed of Trust and title to the Property has been duly perfected in Plaintiff by the recording of a Trustee's Deed Upon Sale in the Official Records of the County in which the Property is located. A true and correct copy of the Trustee's Deed Upon Sale is attached to the Declaration of Randall D. Naiman ("Decl. R. Naiman") as Exhibit "A."

On January 7, 2010, a California licensed process server served on Defendant, and each of them, a 90-Day Notice to Quit ("Notice") in compliance with California Code of Civil Procedure section 1162.

The Notice has expired. However, Defendants, and each of them, continue to remain in possession of the Property.

On July 30, 2010, Plaintiff commenced this action by filing a Complaint for Unlawful Detainer in the Superior Court of California. Plaintiff's Complaint contains a single state law cause of action for unlawful detainer. The Complaint specifically states that the amount of damages sought "Does Not Exceed $10,000." A true and correct copy of the Summons and Complaint is attached to the Decl. R. Naiman as Exhibit "B."

On August 1, 2010, Defendant was served with copies of the Summons and Complaint. True and correct copies of the Proofs of Service are attached to the Decl. R. Naiman collectively as Exhibit "C."

On or about August 18, 2010, Plaintiff caused to be served upon Defendant a Motion for Summary Judgment. The hearing was calendared for August 25, 2010. On August 25, 2010, the hearing was continued to September 3, 2010.

On September 2, 2010, Defendant filed for relief under Chapter 7 of the U.S. Bankruptcy Code and assigned bankruptcy case number 1:10-bk-21052-GM.

On September 3, 2010, the Hearing on Plaintiff's Motion for Summary Judgment was continued until October 5, 2010 in order for Plaintiff to obtain relief from the automatic stay.

On October 1, 2010, the Bankruptcy Court entered an Order Granting Plaintiff's Motion for Relief from Stay. A true and correct copy of the Order is attached to the Decl. R. Naiman as Exhibit "D."

On October 4, 2010, one (1) day prior to the continued hearing on Plaintiff's Motion for Summary Judgment, Defendant filed a Notice of Removal. A true and correct copy of the Notice of Removal is attached to the Decl. R. Naiman as Exhibit "E."

Defendant filed the Notice of Removal for the sole purpose of frustrating and delaying Plaintiff's right to immediate possession of the Property.

## II.

## AUTHORITY FOR MOTION

If at any time before final judgment, it appears the court lacks subject matter jurisdiction, the court may remand the case to state court either *sua sponte* or on motion of a party. Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." [28 USC § 1447(c); see Buchner v. FDIC (5th Cir. 1993) 981 F2d 816, 820]

Even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits (even if the merits could be readily resolved). [See University of South Alabama v. American Tobacco Co. (11th Cir. 1999) 168 F3d 405, 410–411—error to rule on plaintiff's right to dismiss removed case before determining existence of removal jurisdiction; Valdez v. Allstate Ins. Co. (9th Cir. 2004) 372 F3d 1115, 1116] Moreover, absence of federal subject matter jurisdiction may be raised at any time,

even for the first time on appeal. [Rains v. Criterion Systems, Inc. (9th Cir. 1996) 80 F3d 339, 342]

The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. The defendant also has the burden of showing that it has complied with the procedural requirements for removal. [California ex rel. Lockyer v. Dynegy, Inc. (9th Cir. 2004) 375 F3d 831, 838; Miller v. Diamond Shamrock Co. (5th Cir. 2001) 275 F3d 414, 417]

### III.

### THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION

#### A. Removal Jurisdiction Does Not Exist

Removal jurisdiction is governed by 28 U.S. C. sec. 1441 et. seq. A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams (1987) 482 U.S. 386, 392; Duncan v. Steutzle (9th Cir. 1996) 76 F.3d 1480, 1485. Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern California (1983) 463 U.S. 1, 10-11. A federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00 28 U.S.C. sec. 1332. The rules governing what claims are removable are basically the same as for original federal jurisdiction: "arising under," diversity of citizenship or alienage, amount in controversy, etc. [Snow v. Ford Motor Co. (9th Cir. 1977) 561 F2d 787, 789] The removal statutes are construed restrictively, so as to limit removal jurisdiction. Doubts as to removability are resolved in favor of remanding the case to the state court. [Shamrock Oil & Gas Corp. v. Sheets (1941) 313 US 100, 108–109, 61 S.Ct. 868, 872; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F2d 564, 566] The reason for strict construction is to prevent waste of judicial resources: i.e., if it turns out there is no "federal question" or "diversity," the federal court's judgment would have to be set aside on appeal.

Jurisdictional concerns can be avoided by remanding to state courts which have general jurisdiction. [Wenger v. Western Reserve Life Assur. Co. of Ohio (MD TN 1983) 570 F.Supp. 8, 10-11; Somlyo v. J. Lu-Rob Enterprises, Inc. (2nd Cir. 1991) 932 F2d 1043, 1045-1046—restrictive view consistent with congressional intent and comity for state government].. As explained below, this case *could not* have originally been filed in federal court. Accordingly, removal jurisdiction does not exist and the case should be remanded to the State Court from where it originated.

### B. The Complaint Does Not Contain Any Federal Claims

Federal subject matter jurisdiction must exist at the time the action is commenced. [Morongo Band of Mission Indians v. California State Board of Equalization (9th Cir. 1988) 858 F2d 1376, 1380] Whether a case "arises under" federal law for jurisdiction purposes is tested by the "well-pleaded complaint" rule: Federal courts consider only what necessarily appears in plaintiff's statement of his or her claim, unaided by anything alleged in anticipation or avoidance of defenses the defendant may interpose. [Taylor v. Anderson (1914) 234 US 74, 75-76, 34 S.Ct. 724, 724-725; see Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc. (2002) 535 US 826, 830, 122 S.Ct. 1889, 1893].

Whether a case "arises under" federal law does not depend upon matters raised in the answer. The Supreme Court has rejected proposals that the answer as well as the complaint be consulted before a determination is made whether the case "arises under" federal law. [Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., *supra*, 535 US at 830-831, 122 S.Ct. at 1893] It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction. [See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., supra, 535 US at 831, 122 S.Ct. at 1893] The well-pleaded complaint rule makes plaintiff the master of the claim. Plaintiff generally may avoid federal jurisdiction by exclusive reliance on state law. [Caterpillar Inc. v. Williams (1987) 482 US 386, 392, 107 S.Ct. 2425, 2429]

In determining whether the case "arises under" federal law, federal courts look solely to the necessary allegations of plaintiff's complaint ... those essential to the cause of action. [Gully v. First Nat'l Bank (1936) 299 US 109, 112, 57 S.Ct. 96, 97] Federal question jurisdiction does not exist where the complaint is based entirely on state law, even if issues of federal law are certain to be raised in defendant's answer or counterclaim. Phillips Petroleum Co. v. Texaco, Inc. (1974) 415 US 125, 127, 94 S.Ct. 1002, 1004; Taylor v. Anderson (1914) 234 US 74, 75–76, 34 S.Ct. 724, 725]

In this case, Plaintiff's state court complaint does not allege any claim "arising under" federal law. Plaintiff's state court action sets forth a single cause of action for unlawful detainer—a claim that arises exclusively under state law. Therefore, this Court does not have subject matter jurisdiction on the basis of federal question.

## C. Diversity Jurisdiction Does Not Exist

The basic diversity jurisdiction statute provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between: (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff, and citizens of a State or of different States." [28 USC § 1332(a)] The courts have further limited diversity jurisdiction by construing the diversity statutes strictly. Any doubt as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction. [See Kantor v. Wellesley Galleries, Ltd. (9th Cir. 1983) 704 F2d 1088, 1092; Sheehan v. Gustafso (8th Cir. 1992) 967 F2d 1214, 1215]

Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." [28 USC § 1332(a); see Arbaugh v. Y & H Corp. (2006) 546 US 500, 514, 126 S.Ct. 1235, 1245—"amount-in-controversy threshold an ingredient of subject-matter jurisdiction"] Diversity jurisdiction must be ascertained at commencement of the action; later events generally do not affect diversity jurisdiction. Thus, diversity jurisdiction exists if the complaint as filed puts more than

1  $75,000 at issue. [Johnson v. Wattenbarger (7th Cir. 2004) 361 F3d 991, 993] The amount
2  in controversy is determined from the allegations or prayer of the complaint. [See St. Paul
3  Mercury Indem. Co. v. Red Cab Co. (1938) 303 US 283, 289, 58 S.Ct. 586, 590]
4        In this case, Plaintiff's complaint seeks less than $10,000 as stated prominently on
5  the face of the Complaint which is clearly under the $75,000.00 amount in controversy
6  requirement. Although Defendants assert that we "believes [sic] that the amount in
7  controversy exceeds $75,000.00," the issue is whether plaintiff's claim is in the operative
8  pleading, i.e., the complaint filed in state court, meets the amount in controversy
9  requirement. Here, it does not. As a result, diversity jurisdiction has not been established.
10 Furthermore, in unlawful detainer actions, the amount of damages sought in the complaint,
11 not the value of the subject real property, determines the amount in controversy. [Ca. Code
12 Civ. Pro. §86(a)(4) - "The following proceedings are limited civil cases: (4) Proceedings in
13 forcible entry or forcible or unlawful detainer where the whole amount of damages claimed
14 is twenty-five thousand dollars ($25,000) or less."]. Defendant has not shown that the state
15 court action could have originally been brought in federal court; therefore, the Court must
16 remand this action.

## V.

## THE COURT SHOULD ABSTAIN FROM ASSERTING JURISDICTION

19     Federal courts may also remand an action based on abstention principles.
20 [Quackenbush v. Allstate Ins. Co. (1996) 517 US 706, 730-731, 116 S.Ct. 1712, 1723;
21 Corcoran v. Ardra Ins. Co., Ltd. (2nd Cir. 1988) 842 F2d 31] A remand premised on
22 abstention is not based on a lack of subject matter jurisdiction or on a defect in removal
23 procedure. Thus, the power to remand is not based on the statutory grounds set forth in 28
24 USC § 1447(c), but rather on the federal court's power to refrain from hearing cases based
25 on " 'scrupulous regard for the rightful independence of the state governments' and for the
26 smooth working of the federal judiciary.' " [Quackenbush v. Allstate Ins. Co., supra, 517 US
27 at 718, 116 S.Ct. at 1718, 1721, quoting Railroad Comm'n of Tex. v. Pullman Co. (1941)
28 312 US 496, 500-501, 61 S.Ct. 643, 645]

Unlawful detainers are "local" actions (i.e., concerning land) and, as such, require local adjudication. Therefore, venue is "proper" in (and the complaint should be filed in) the superior court of the county where the property is located. Where there are branch courts, the proper court location for an unlawful detainer is the one "nearest or most accessible" to the property (which may be specified by local court rule). [Ca. Code Civ. Pro. § 392(a)(1), (b)]

Dated: October 15, 2010

**NAIMAN LAW GROUP, PC**

By: _____
Randall D. Naiman
Attorney for Plaintiff, **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA2**