| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **CV 10-7417-JFW (JCx)**                                                    Date:  October 26, 2010

Title:    Bank of America, National Association as Successor by Merger to LaSalle Bank NA as Trustee for WAMU Mortgage Pass-Through Certificates Series 2007-OA2 -v- Katherine Miller, et al.

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                                None Present
   Courtroom Deputy                                          Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                                            None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

      On July 30, 2010, Plaintiff Bank of America, National Association as Successor By Merger to LaSalle Bank NA as Trustee for WAMU Mortgage Pass-Through Certificates Series 2007-OA2 Trust ("Plaintiff") filed a Complaint against Defendant Katherine Miller ("Defendant") in Los Angeles County Superior Court, alleging one claim for unlawful detainer under state law.  On October 4, 2010, Defendant filed a Notice of Removal of Civil Action ("Notice of Removal").

       Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

       Defendant fails to meet his burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law.  While Defendant alleges in her Notice of Removal that the claim arises under federal law, in the absence of other allegations by Plaintiff that would support federal question jurisdiction, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of

jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). Moreover, although Defendant claims that Plaintiff violated the FDCPA, RESPA, and TILA , a case "arises under" federal law only if the federal question appears on the face of Plaintiff's well-pleaded complaint. *Takeda v. Northwester Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985). Removability cannot be created by a defendant's counterclaims or defenses. *Id.* Accordingly, there is no federal question jurisdiction over Plaintiff's action.

In addition, the Notice of Removal is defective because it fails to allege when Defendant was served with the Complaint or that the action was removed within 30 days of her receipt the Complaint, and, thus, it is impossible for the Court to determine if this removal is timely. 28 U.S.C. § 1446(b) (providing that a "notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). In fact, the removal appears to be untimely because Defendant alleges in her Notice of Removal that "[t]his Notice of Removal is timely pursuant to 28 U.S.C. § 1441(b) because it is filed before proper service fo the Notice of Motion for Summary Judgment was made on Defendant." This defect in Defendant's Notice of Removal is an additional ground for remanding this action to Los Angeles County Superior Court. 28 U.S.C. § 1447(c).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.